## WELCH v WELCH

Docket No. 56012. Submitted December 2, 1981, at Grand Rapids.— Decided January 20, 1982.

Plaintiff, Bertha N. Welch, was granted a divorce from defendant, Thomas A. Welch, in Saginaw Circuit Court. Defendant was ordered to pay weekly alimony to plaintiff for a period of five years, after which the amount of alimony would be decreased. In the event that plaintiff should remarry, defendant would be relieved of his obligation to pay alimony thereafter. Two years after the divorce, defendant petitioned the court to decrease the amount of weekly alimony. The trial court, Gary R. McDonald, J., held that the alimony during the first five years following the divorce was alimony in gross and could not be modified. Defendant appeals. *Held:*

1. The alimony for the first five years was not alimony in gross but was, rather, permanent, periodic alimony subject to termination in the event that plaintiff should remarry.

2. The security provision of the divorce judgment relating to alimony during the first five years does not alter the conclusion that alimony in gross was not awarded.

3. The alimony provision is modifiable because the alimony will terminate in the event of plaintiff's remarriage and is not, therefore, *alimony in gross.*

Reversed and remanded.

DIVORCE — ALIMONY — ALIMONY IN GROSS — MODIFICATION OF AWARD.

An award of alimony which provides for periodic payments of a fixed amount over a specific period of time, which is nonetheless reducible in the event of change in the parties' circumstances and thus not a specifically ascertainable sum, is not alimony in gross and is, therefore, subject to modification.

REFERENCES FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation § 675 *et seq.*

Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

*Cook, Nash & Deibel* (by *Robert H. Tiderington*), for plaintiff.

*Allan C. Schmid,* for defendant.

Before: BEASLEY, P.J., and D. F. WALSH and M. B. BREIGHNER,* JJ.

BEASLEY, P.J. On April 24, 1978, plaintiff, Bertha N. Welch, was awarded a judgment of divorce from defendant, Thomas A. Welch, which judgment provided for alimony as follows:

"It is further ordered and adjudged that the defendant, Thomas A. Welch, shall pay to the plaintiff, Bertha N. Welch, for support and maintenance, the sum of sixty dollars ($60) per week, as alimony, payable through the office of the Friend of the Court for Saginaw County, Michigan. Said alimony payments shall commence as of Monday, March 6, 1978, and shall continue for a period of five years, after which the weekly payments shall be reduced to fifty dollars ($50) per week, and continue for the lifetime of the plaintiff. In the event that plaintiff, Bertha N. Welch, shall remarry, defendant shall thereafter be relieved of his obligation to pay alimony."

On October 13, 1980, defendant petitioned the court for a decrease in alimony. On November 18, 1980, the trial court filed an opinion holding that the alimony during the first five-year period after the divorce was alimony in gross and, as such, could not be modified. Defendant appeals as of right, claiming the trial court erred in finding that the alimony provision in the judgment constituted alimony in gross for the first five years.

Defendant's claim is that the provision terminating alimony in the event of plaintiff's remarriage

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defeats the conclusion that it was alimony in gross. He reasons that because of this provision, the alimony is not a specifically ascertainable sum either in lump sum or in installments of a definite amount.[1]

*Oknaian v Oknaian*[2] was a case similar to this, except for the crucial difference that here her remarriage would terminate alimony. In *Oknaian,* where the divorce judgment provided that "payments for the first five years from date of Judgment shall not be modifiable for remarriage, employment or any other cause; however, after said five-year period said alimony shall be payable to the Defendant-wife until her remarriage, or until further Order of the Court", we found that for the first five years the payment constituted alimony in gross and, thus, was not subject to modification for change of circumstances. In the case at bar, there is no such provision preventing remarriage from terminating alimony in the first five years. This fact distinguishes this case from *Oknaian.* We hold that here the alimony provided in the divorce judgment for the first five years was not alimony in gross. Rather, it was a provision for permanent, periodic alimony, subject to modification in the event of change in the parties' circumstances.[3]

Plaintiff also claims that the security provision of the divorce judgment relating to alimony during the first five years leads to a conclusion that the alimony during the first five years was alimony in gross. The divorce judgment provides for impressing a lien in the sum of $2,600 upon real property of defendant to secure the first five years alimony.

---

[1] *Firnschild v Firnschild,* 67 Mich App 327, 329; 240 NW2d 790 (1976).

[2] 90 Mich App 28, 30; 282 NW2d 230 (1979).

[3] MCL 552.28; MSA 25.106. See *Graybiel v Graybiel,* 99 Mich App 30; 297 NW2d 614 (1980).

We would be more impressed by this argument if the judgment called for a lien in the amount of $15,600 (which would be $60 per week times 52 weeks times 5 years), rather than $2,600. We decline to hold that, in this case, the security provision of the divorce judgment alters our conclusion that alimony in gross was not awarded.

Accordingly, we conclude that the divorce judgment calls for permanent, periodic alimony and not alimony in gross. Since the alimony will terminate in the event of plaintiff's remarriage, it is modifiable. This case is remanded to the circuit court for further proceedings on defendant's petition to modify alimony.

Reversed and remanded.