CALO v CALO

Docket No. 77073. Submitted December 5, 1984, at Lansing.—Decided
     June 19, 1985.
     Plaintiff, Otti M. Calo, filed a complaint for divorce in the
        Oakland Circuit Court after a 27-year marriage to defendant,
        Gerald J. Calo, which produced five children, one of whom was
        still a minor at the time of judgment. A hearing on the
        complaint was held within six months of its filing. At that time,
        a stipulation regarding the property settlement was read into
        the record. The divorce was granted, James S. Thorburn, J.
        Plaintiff subsequently became dissatisfied with the terms of the
        property settlement and requested a hearing to determine
        whether the judgment should be entered. The trial court deter-
        mined the terms of the proposed judgment accurately reflected
        the proceedings of December 27, 1983, and entered the judg-
        ment. Plaintiff then petitioned the court to set aside the judg-
        ment on the grounds of fraud, undue influence, and inequity.
        Plaintiff also alleged that the judgment was improper because
        it was entered in violation of the statutory prohibition against
        the taking of proofs or testimony within six months of the filing
        of the complaint for divorce where there exist dependent chil-
        dren under the age of 18. The motion was denied. Plaintiff
        appealed. *Held:*
        1. The judgment is not void *ab initio* for want of jurisdiction.
        The court had jurisdiction over the parties and the subject

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Judgments § 621 *et seq.*
[2] Am Jur 2d, Judgments § 671 *et seq.*
[3, 6] Am Jur 2d, Judgments § 931.
   Am Jur 2d, Divorce and Separation § 415 *et seq.*
   See also the annotations under Divorce and Separation in the
   ALR3d and 4th Quick Index.
[4, 5, 6] Am Jur 2d, Divorce and Separation § 817 *et seq.*
   Property settlement agreement as affecting divorced spouse's right
   to recover as named beneficiary under former spouse's life insur-
   ance policy. 31 ALR4th 59.
[5] Am Jur 2d, Appeal and Error § 135.
   See also the annotations under Appeal and Error in the ALR3d and
   4th Quick Index.

matter. The judgment is voidable, however, because the court erred in exercising its jurisdiction prior to the expiration of six months time. Thus, the judgment must be set aside.

2. The trial court erred in failing to consider pláintiff's claim that misrepresentations were made to her personally. Relief from a property settlement is appropriate where consent was influenced by circumstances of severe stress which prevented the party from understanding, in a reasonable manner, the nature and effect of the act in which he was engaged.

Judgment vacated and case remanded with instructions.

J. H. GILLIS, P.J., concurred in part and dissented in part. While he agreed that the taking of testimony prior to the expiration of six months was error, he would find it to be harmless error in this case, since compliance with the statutory waiting period would not have achieved its purpose and since plaintiff acquiesced in the procedure now complained of. He concurred in remanding for an evidentiary hearing concerning plaintiff's request for relief from the property settlement.

OPINION OF THE COURT

1. JUDGMENTS — JURISDICTION — COLLATERAL ATTACK.

A judgment rendered pursuant to an erroneous exercise of undoubted jurisdiction is valid and binding for all purposes until set aside by proper proceeding and cannot be collaterally attacked.

2. JUDGMENTS — JURISDICTION.

Error in determination of questions of law or fact upon which a court's jurisdiction in a particular case depends is error in the exercise of jurisdiction, where the court has general jurisdiction of the cause and person.

3. DIVORCE — JUDGMENTS — VOIDABLE JUDGMENTS.

Failure to comply with the six-month waiting period for taking testimony in a divorce action involving minor children renders a divorce judgment voidable (MCL 552.9f; MSA 25.89[6]).

4. DIVORCE — PROPERTY SETTLEMENTS.

Courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress, or mutual mistake, whether the settlement is reduced to writing or is simply orally placed on the record and consented to.

5. DIVORCE — PROPERTY SETTLEMENTS — APPEAL.

Relief from a property settlement is appropriate where consent

was influenced by circumstances of severe stress which prevented the party from understanding, in a reasonable manner, the nature and effect of the act in which he was engaged.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. H. GILLIS, P.J.

6. DIVORCE — JUDGMENTS — PROPERTY SETTLEMENTS — APPEAL.

*Failure to comply with the six-month waiting period for taking testimony in a divorce case involving minor children is harmless error where the complaining party does not contend that a reconciliation is possible but rather attacks the property settlement as inequitable and where the complaining party agreed to the procedure complained of (MCL 552.9f; MSA 25.89[6]).*

*Ronald M. Burke,* for plaintiff.

*Bromley, Roy & Dawson, P.C.* (by *Kenneth A. Roy),* for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and K. N. SANBORN,* JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court's denial of her motion to set aside a judgment of divorce.

Plaintiff filed a complaint for divorce on October 13, 1983, after a 27-year marriage which produced five children, one of whom was still a minor at the time of judgment. A hearing on the complaint was held within six months of its filing, on December 27, 1983. At that time, a stipulation regarding the property settlement was read into the record. The divorce was then granted.

Plaintiff subsequently became dissatisfied with the terms of the property settlement and requested a hearing to determine whether the judgment should be entered. The trial court determined the terms of the proposed judgment accurately reflected the proceedings of December 27, 1983, and entered the judgment. Plaintiff then

---

* Circuit judge, sitting on the Court of Appeals by assignment.

petitioned the court to set aside the judgment on the grounds of fraud, undue influence, and inequity. Plaintiff also alleged that the judgment was improper because it was entered in violation of the statutory prohibition against the taking of proofs or testimony within six months of the filing of the complaint for divorce where there exist dependent children under the age of 18. MCL 552.9f; MSA 25.89(6). The motion was denied.

On appeal, plaintiff argues that, due to the violation of the statutory waiting period, the trial court did not have jurisdiction over the parties and thus the judgment was void *ab initio.* This argument fails to distinguish an absence of jurisdiction from an error in the exercise of jurisdiction. As addressed in *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 545-546; 260 NW 908 (1935):

" 'Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked. Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent upon the correctness of the determination made.' 33 CJ,Judgments, § 39, pp 1078-1079."

Here, by virtue of the residence of the parties, the trial court had jurisdiction over the parties, as well as over the subject matter before it. *Alexander v Alexander,* 103 Mich App 263, 266; 303 NW2d 202 (1981); MCL 552.9; MSA 25.89. Consequently, the judgment was not void *ab initio.*

However, by taking testimony prior to the expiration of the six-month waiting period, the trial court violated the provisions of MCL 552.9f; MSA 25.89(6). The language of § 9f is unambiguous and allows noncompliance with the statutory mandate only where the extenuating circumstances specified in the statute are present. Without question, the case at hand did not involve "undue hardship" nor "such compelling necessity as shall appeal to the conscience of the court".

The failure to comply with the statute does not render the judgment of divorce void *ab initio,* but renders it voidable in a proper proceeding for that purpose. See *Jackson City Bank, supra.* Since we are persuaded the judgment is voidable for failure to comply with MCL 552.9f; MSA 25.89(6), the judgment of divorce must be set aside. We have considered the argument that since potential reconciliation is not implicated in this case the error is harmless. Such a conclusion requires a quantum leap we would be unwilling to make in the case of a marriage of modest duration let alone a 27-year marriage as here. Particularly with minor children a modicum stabilization period with attendant tranquility just might alter the atmosphere.

We also must consider plaintiff's argument on appeal that the trial court erred in refusing to set aside the judgment on account of fraud. Although the judgment has been set aside, it still must be determined whether plaintiff should be relieved from the stipulated property settlement on account of alleged misrepresentation by defendant of his employment plans.

It is well settled that courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress, or mutual mistake. This rule applies whether the settlement is reduced to writ-

ing or is orally placed on the record and consented to. *Vigil v Vigil,* 118 Mich App 194, 197; 324 NW2d 571 (1982). Relief from a property settlement or judgment is also appropriate where consent was influenced by circumstances of severe stress which prevented the party from understanding, in a reasonable manner, the nature and effect of the act in which he is engaged. *Howard v Howard,* 134 Mich App 391, 396; 352 NW2d 280 (1984). It is obvious that the focus of a proceeding to set aside a judgment or property settlement is not on the attorney alone when determining whether relief should be granted. Certainly, if fraud or other misconduct is perpetrated on the attorney who advises his client to accept the settlement, the client may raise the fraud as a ground for relief. However, it is also obvious that the client may also seek relief where the fraud, duress, mutual mistake, or severe stress was perpetrated on him or her personally. Therefore, the trial court erred when it refused to consider the claim of plaintiff that a misrepresentation was made to her personally. An evidentiary hearing must be held to determine whether or not relief is warranted under the circumstances of this case.

We therefore vacate the judgment of divorce and remand this matter for consideration of plaintiff's allegations of fraud and misrepresentation in an appropriate evidentiary hearing. The trial court shall thereafter consider whether a judgment pursuant to the stipulation of the parties shall be entered. We retain no further jurisdiction.

No costs.


J. H. GILLIS, P.J. *(concurring in part and dissenting in part).* While I agree with the majority that the trial court erred in taking testimony prior to

the expiration of the six-month waiting period, contrary to MCL 552.9f; MSA 25.89(6), I believe the error was harmless. The purpose of the statute is to "afford an opportunity to the parties to consider their responsibilities toward their children and to effect a reconciliation if possible". *Linn v Linn,* 341 Mich 668, 672; 69 NW2d 147 (1955). See, also, *Falconer v Falconer,* 330 Mich 532, 534; 48 NW2d 158 (1951). Thus, had plaintiff contested the grant of the divorce itself, one could argue that the policy behind the statute had been thwarted as a result of the trial court's action. However, plaintiff does not contend that a reconciliation was or is possible, but rather attacks the property settlement as inequitable. Since compliance with the statute would not have achieved its intended purpose, I would deem its violation harmless.

I believe this conclusion is also supported by another aspect of this case, that is, the fact that plaintiff agreed to have the complaint for divorce heard by the trial judge prior to the expiration of the statutory waiting period. I believe that such conduct waives any right to later attack the terms of the divorce judgment on the grounds that the statute was violated. I believe the concept I first expressed in *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), should apply here, that is, that one should not be permitted to sit back and harbor error to be used later as an appellate parachute. *Brocato, supra,* p 305.

However, as to the question of fraud raised by the plaintiff, I agree with the reasoning set forth in the majority opinion. Therefore, I too would remand this case for the purpose of conducting an evidentiary hearing concerning the plaintiff's allegations.