HALL v HALL

Docket No. 84478. Submitted June 3, 1986, at Grand Rapids. Decided
    January 20, 1987.
    Marilyn M. Hall sought and secured a divorce in Leelanau
        Circuit Court from David J. Hall. The July, 1982, judgment of
        divorce incorporated a settlement agreement which included an
        alimony provision which awarded plaintiff the sum of $500,000,
        payable in monthly installments of $3,000 until July, 1992, at
        which time the remaining $140,000 would come due. The
        agreement of the parties as incorporated into the judgment
        further provided that defendant's obligation to pay such
        amounts would cease if plaintiff died prior to July, 1992. In
        October, 1984, defendant petitioned the court to modify the
        alimony provision on the basis of changed circumstances and to
        set aside the property settlement. The court, William R. Brown,
        J., denied defendant's petition. Defendant appealed.
        The Court of Appeals *held:*
        1. Since continuation of the monthly alimony payments was
        contingent upon plaintiff's survival, the alimony was not ali-
        mony in gross which is not subject to modification as the trial
        court held, but is rather periodic alimony which is subject to
        modification upon changed circumstances. Accordingly, it is
        necessary to remand to the trial court for consideration of
        whether there are changed circumstances warranting modifica-
        tion of the award.
        2. The trial court did not abuse its discretion in finding that
        there was no basis to hold the entire property settlement
        invalid.
        Affirmed in part, reversed in part and remanded.
        M. G. HARRISON, J., concurred. While he agreed that the

REFERENCES
Am Jur 2d, Appeal and Error §§ 126, 868.
Am Jur 2d, Divorce and Separation §§ 699 *et seq.;* 842, 817 *et seq.;*
    958.
Divorce: power of court to modify decree for alimony or support of
    spouse which was based on agreement of parties. 61 ALR3d 520.
See also the annotations in the Index to Annotations under Appeal
    and Error.

matter should be remanded, he would hold that the inclusion of a termination on death clause in an alimony award which would otherwise be an award of alimony in gross does not automatically make it an award of periodic alimony subject to modification. He would remand with instructions that the trial court determine whether, at the time the agreement was entered into, the parties intended the award to be an award of alimony in gross not subject to later judicial modification.

OPINION OF THE COURT

1. DIVORCE — ALIMONY — ALIMONY IN GROSS — PERIODIC PAYMENTS — CONTINGENCIES — MODIFICATION OF ALIMONY AWARD.

An award of alimony in gross is not modifiable absent a showing of fraud; alimony in gross may either be a lump sum award or installments of a definite amount payable over a specific period of time, however, if the obligation is terminable upon the occurrence of a contingency, then the alimony is not in gross but is permanent periodic alimony which is subject to modification upon a showing of a change in circumstances.

2. DIVORCE — ALIMONY — ALIMONY IN GROSS — MODIFICATION OF ALIMONY AWARD.

The inclusion of a provision in an alimony award that the award shall terminate upon the death of the recipient renders what would otherwise be a nonmodifiable award of alimony in gross into a modifiable award of periodic alimony, since, because of the contingency, the amount owing is not specifically ascertainable.

3. DIVORCE — PROPERTY SETTLEMENTS — APPEAL.

Courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress, mutual mistake, or severe stress which prevented a reasonable understanding of the nature and effect of the act; a trial court's findings concerning the validity of the parties' consent to a property settlement will not be overturned on appeal absent a finding of abuse of discretion.

CONCURRENCE BY M. G. HARRISON, J.

4. DIVORCE — ALIMONY — ALIMONY IN GROSS.

*The inclusion of a provision terminating the payment of alimony upon the death of the recipient should not automatically render the award one for periodic alimony instead of alimony in gross; rather, the court should attempt to ascertain the intent of the parties at the time they made the agreement and give effect to that intent.*

*Brott, Conaway & Kipley, P.C.* (by *M. Glenn Grossman*), for plaintiff.

*John D. Hayes, P.C.* (by *John W. Sharp*), for defendant.

Before: SULLIVAN, P.J., and R. M. MAHER and M. G. HARRISON,* JJ.

PER CURIAM. In this divorce action, defendant, David J. Hall, appeals by right from the trial court's order denying his petition to set aside or modify the property settlement agreement incorporated in the judgment of divorce.

In his petition, defendant alternatively requested modification of his alimony obligations, which were also set out in the agreement. Defendant's first claim of error is that the trial court improperly refused to modify the alimony obligations on the basis they constituted alimony in gross.

Although the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross, which is generally nonmodifiable absent a showing of fraud. *Oknaian v Oknaian,* 90 Mich App 28, 37; 282 NW2d 230 (1979).

Alimony in gross may be either a lump sum award or installments of a definite amount payable over a specific period of time. *Oknaian, supra; Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985). However, if the obligation is terminable upon the occurrence of a contingency, then the alimony is not in gross, but is permanent periodic alimony subject to modification. See e.g.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Couzens, supra,* p 428; *Welch v Welch,* 112 Mich App 524, 526; 316 NW2d 258 (1982).

Here, the provision at issue awarded plaintiff the sum of $500,000, payable in monthly installments of $3,000 until July 1, 1992, at which time the remaining $140,000 and any arrearage would become due.[1] However, the terms of the agreement further provided that defendant's obligation to pay such amounts would cease upon plaintiff's death prior to July 1, 1992.

Since the continuation of the monthly payments was subject to this contingency, the actual amount of the obligation was not specifically ascertainable and, therefore, the obligation itself cannot be considered alimony in gross. In so holding, we find unpersuasive plaintiff's argument that the instant contingency was insufficient to transform the nature of the obligation to periodic alimony. Plaintiff's contention is indeed supported by a statement of dicta offered by this Court in *Couzens v Couzens, supra.* There, this Court stated that a provision terminating an obligation to pay alimony upon the recipient's death is not evidence of the parties' intention to create periodic alimony, as alimony automatically ceases upon this occurrence as a matter of law. 140 Mich App 428-429. *Couzens,* however, failed to recognize that, unlike the duty to pay periodic alimony, the obligation to pay alimony in gross is not affected by the death of either party. *Hagerty v Hagerty,* 222 Mich 166, 169; 192 NW 553 (1923).

Hence, we disagree with this statement of dicta to the extent that it warrants a finding that the

[1] On Nov 1, 1983, the parties entered into a stipulation of modification, reducing defendant's monthly payments to $1,800 per month for a period of one year, but further providing for accumulation of the balance of $1,200 per month as an arrearage, which would be due and owing on November 1, 1984. This modification has no bearing on the issues raised on appeal.

recipient's survival of the fixed payment period is not a sufficient contingency to render an alimony award which would otherwise be alimony in gross into an award of periodic alimony which is modifiable. Had the provision at issue been excluded from the property settlement agreement, there is no question that the parties would have intended the payments to constitute alimony in gross, which by law would have continued beyond the plaintiff's death. *Hagerty, supra.* However, since the parties expressly provided that defendant's obligations would not continue after plaintiff's death, they clearly evidenced an intent to avoid the effects of alimony in gross and to provide plaintiff with periodic alimony.

Due to the existence of this contingency, the amount owing to plaintiff under this agreement is not specifically ascertainable and, thus, we hold that the alimony agreed upon by the parties was not alimony in gross, but periodic alimony subject to modification. This matter must therefore be remanded to the trial court for consideration of whether there was sufficient change in the parties' circumstances to warrant further modification of the alimony provision.

Our conclusion is not altered by the acceleration clause contained in the agreement, which rendered defendant's future alimony obligations "immediately due and payable" upon defendant's wilful failure to tender a number of monthly payments. Since the parties contemplated that the alimony would be periodic in nature at the time they entered into the agreement, the subsequent triggering of the acceleration clause did not transform it to alimony in gross for purposes of determining whether defendant's obligations may be modified.[2]

[2] The alimony provision required the husband to pay:

Defendant's other argument on appeal is that the trial court erred in failing to set aside the entire property settlement agreement. It is a well settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which he was engaged. *Calo v Calo,* 143 Mich App 749, 753-754; 373 NW2d 207 (1985). The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of abuse of discretion. *Howard v Howard,* 134 Mich App 391, 396-397; 352 NW2d 280 (1984).

Here, the trial judge found unpersuasive defendant's claim of invalidity, and after a thorough review of the record, we cannot find an abuse of discretion.

Affirmed in part, reversed in part and remanded.

---

Equal and consecutive monthly installments of Three Thousand Dollars ($3,000) payable in advance, on the first day of Aug. 1982, and on the first day of each and every month thereafter until the 1st day of July, 1992, at which time, the remaining One Hundred Forty Thousand Dollars ($140,000) and *any arrearages are due and payable in full, provided, however, should the Wife die prior to the 1st day of July, 1992, the Husband's obligation hereunder shall cease* . . . . [Emphasis added.]

If, on remand, the trial judge finds that defendant's obligation should not be modified, he should then decide whether the parties intended the contingency clause relating to plaintiff's death prior to July 1, 1992, to apply to the arrearage already due and owing purusant to the acceleration clause. In so holding, we note that the trial court's decision to modify an alimony provision may extend to amounts that are accrued and unpaid. *Lytle v Lytle,* 319 Mich 47, 50-51; 29 NY2d 138 (1947); *Pohl v Pohl,* 13 Mich App 662, 664; 164 NW2d 768 (1968). However, we also recognize that if the contingency clause is found to apply to the total amount of the obligation which has already accrued then the payment would still be subject to plaintiff's survival beyond the stated date.

M. G. HARRISON, J. *(concurring).* I concur that
this matter should be remanded but for different
reasons. The parties provided in their property
settlement as follows:

> It is understood, acknowledged and agreed that
> the foregoing provisions have been negotiated and
> bargained for, by and between the parties, taking
> into account all possible contingencies (foreseen
> and unforeseen) and that said provisions represent
> a final compromise and settlement of all such
> claims. Accordingly, the parties intend and agree
> that the foregoing provisions are not subject to
> modification by way of extension, enlargement,
> diminishment, or termination for any reason what-
> soever, except as is expressly provided hereinbe-
> fore, and each agrees to take no action in the
> pending divorce action or in any post-judgment
> proceedings therein which is inconsistent here-
> with.

Additionally, they provided:

> It is the intention and understanding of the
> parties that all of the provisions of this agreement
> relating to division or distribution of property,
> alimony, attorney fees and life insurance . . . shall
> be contractually binding between these parties
> . . . .

The majority adopts a "bright line" test to dis-
tinguish periodic alimony from alimony in gross
and focuses solely on whether any contingency,
however remote, might affect the total sum paid.

Although I concur that the provisions do not
lead to a conclusion that alimony in gross has
been created in law, I am not persuaded that such
was not intended by the parties. The alimony
provision is alimony in gross in every respect
except for termination in the event of plaintiff's

death, something which may have been conceded in the negotiations as having no significance to her.

In negotiating the terms of a divorce judgment, a party may well bargain for a smaller amount of property in exchange for the security of a substantial sum certain, payable in installments, but not subject to later modification. Under such circumstances, it would be inappropriate to deprive that party of the benefits of a bargain both intended merely because full payment is contingent on the payee's survival for the payment period. I submit that, without looking to other factors involved, a survival contingency alone does not necessarily transform alimony in gross to periodic alimony.

Judicial construction of a settlement agreement provision is essentially an issue of contract interpretation, wherein the court must focus on ascertaining the intentions of the parties. *In re Long Estate,* 99 Mich App 240, 245; 298 NW2d 13 (1980). Including a number of contingencies in a provision for what otherwise would be alimony in gross evidences an intent to create periodic alimony. *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976). Nevertheless, such should not preclude using an approach designed to ascertain and give effect to the intentions of the parties. See *Tessmer v Tessmer,* 261 Mich 681; 247 NW 93 (1933).

Although it appears to this writer that alimony in gross was intended by the parties, since there may be some question, I respectfully suggest that this matter should be remanded to the trial court for a determination of the original intention of the parties as to the nature of the alimony in order to carry out that intention rather than to have it possibly thwarted by an improvident judicial interpretation.

A bright line test does have its merits. I would urge adoption of a clearly enunciated rule adopting the standards under § 71 of the Internal Revenue Code in distinguishing periodic alimony from alimony in gross. Michigan law, however, has not been clear in this area, which undoubtedly has left many lawyers at their peril. Under these circumstances, such a rule should be prospective in its application for settlements after its adoption.