MACOIT v MACOIT

Docket No. 90135. Submitted December 11, 1986, at Lansing. Decided January 4, 1988. Leave to appeal applied for.

Plaintiff, Mary C. Macoit, and defendant, Donald K. Macoit, were divorced by order of the Oakland Circuit Court. The divorce judgment awarded plaintiff $2,000 per month in alimony to be paid over 120 months and provided that the alimony obligation would terminate early only upon the death of the plaintiff. Defendant subsequently sought a modification of the alimony provision due to a change in circumstances. The court, Robert C. Anderson, J., ruled that the alimony provision was not modifiable and denied the motion. Defendant appealed.

The Court of Appeals *held:*

The inclusion of a provision terminating the payment of alimony upon the death of the recipient does not automatically render the award one for periodic alimony, which the court has the authority to modify upon a showing of a change in circumstances, instead of alimony in gross, which is generally nonmodifiable absent a showing of fraud. The court, when dealing with a provision terminating the payment of alimony upon the death of the recipient, should attempt to ascertain the intent of the parties at the time they made the agreement and give effect to that intent. In this case, it is clear that the court and the parties understood the award to be nonmodifiable when it was made.

Affirmed.

M. J. SHAMO, J., dissented. He would hold that the contingency of plaintiff's death is sufficient to cause the alimony obligations subject to the contingency to be periodic in nature and, therefore, subject to modification upon a showing of changed circumstances. He would reverse and remand for consideration of whether there was sufficient change in the parties' circumstances to warrant modification of the alimony obligations.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 624 *et seq.*; 678.

Husband's death as affecting periodic payment provision of separation agreement. 5 ALR4th 1153.

Death of husband as affecting alimony. 39 ALR2d 1406.

DIVORCE — ALIMONY — ALIMONY IN GROSS.

The inclusion of a provision terminating the payment of alimony upon the death of the recipient does not automatically render an award of alimony one for periodic alimony instead of alimony in gross; rather, the court should attempt to ascertain the intent of the parties at the time they made the agreement and give effect to that intent.

*Judith D. Doran,* for plaintiff.

*Mark S. Koppelman,* for defendant.

Before: MacKenzie, P.J., and Allen and M. J. Shamo,* JJ.

MacKenzie, P.J. Defendant husband appeals as of right from an order denying his motion to modify the alimony provision of the parties' judgment of divorce. We affirm.

The parties were married in 1955 and divorced in 1981. The divorce judgment granted plaintiff wife $2,000 per month in alimony to be paid over 120 months. The judgment provided that this "alimony obligation shall earlier terminate only upon the death of the Plaintiff."

Defendant subsequently sought a modification of the alimony provision due to change in circumstances. Following a hearing, the trial court ruled that the alimony provision was not modifiable and denied the motion. The sole issue on appeal is whether the trial court erred in determining that the alimony award was nonmodifiable. We find no error.

While the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross,

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

which is generally nonmodifiable absent a showing of fraud. *Oknaian v Oknaian,* 90 Mich App 28, 37; 282 NW2d 230 (1979). Alimony in gross may either be a lump sum award or installments of a definite amount payable over a specific period of time. *Oknaian, supra; Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985). However, if the obligation is terminable upon the occurrence of a contingency, then the alimony is not in gross, but is permanent periodic alimony subject to modification. See *Couzens, supra; Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976), lv den 397 Mich 863 (1976).

In *Couzens,* this Court recognized that where a contingency placed upon an alimony award was that it would be subject to termination upon a wife's remarriage, the alimony was not in gross, i.e., was not an ascertainable, fixed amount. The *Couzens* panel was quick to point out, however, that "[t]he provision for termination of alimony on death of the wife does not bear upon the gross alimony issue." In the instant case, the only contingency placed upon the alimony award was in fact the death of the wife. Thus, under the *Couzens* opinion, it appears that the alimony here was in fact in gross and therefore not modifiable.

The *Couzens* decision was recently criticized by the majority of another panel of this Court in *Hall v Hall,* 157 Mich App 239; 403 NW2d 530 (1987). In *Hall,* the plaintiff wife was awarded $500,000 in alimony, payable in monthly installments until "July 1992, provided, however, should the Wife die prior to the 1st day of July, 1992, the Husband's obligation hereunder shall cease . . . ." The *Hall* majority held that an alimony recipient's survival of a fixed payment period *is* a sufficient contingency to render the amount owing not specifically ascertainable. Thus, according to the *Hall* major-

ity, the alimony award in that case was not alimony in gross, but periodic alimony subject to modification.

In his separate concurrence, M. G. HARRISON, J., wrote:

> The majority adopts a "bright line" test to distinguish periodic alimony from alimony in gross and focuses solely on whether any contingency, however remote, might affect the total sum paid.
>
> Although I concur that the provisions do not lead to a conclusion that alimony in gross has been created in law, I am not persuaded that such was not intended by the parties. The alimony provision is alimony in gross in every respect except for termination in the event of plaintiff's death, something which may have been conceded in the negotiations as having no significance to her.
>
> In negotiating the terms of a divorce judgment, a party may well bargain for a smaller amount of property in exchange for the security of a substantial sum certain, payable in installments, but not subject to later modification. Under such circumstances, it would be inappropriate to deprive that party of the benefits of a bargain both intended merely because full payment is contingent on the payee's survival for the payment period. I submit that, without looking to other factors involved, a survival contingency alone does not necessarily transform alimony in gross to periodic alimony. [*Hall,* pp 245-246.]

Although *Hall* involved a settlement agreement negotiated between the parties, we think Judge HARRISON's reasoning applies equally to situations such as this, where alimony has been awarded by the court. In this case, the record is clear that the trial court intended its alimony award to be nonmodifiable. The record is also clear that defendant understood the award to be nonmodifiable when it

was made. Under these circumstances, we are of the opinion that effect must be given to the trial court's intent whether or not this award falls within the "bright line" definition of alimony in gross. Accordingly, we affirm the decision of the trial court.

Affirmed.

ALLEN, J., concurred.

M. J. SHAMO, J. *(dissenting)*. I respectfully dissent. In *Hall v Hall,* 157 Mich App 239; 403 NW2d 530 (1987), this Court expressly held that the contingency of the obligee's death is sufficient to cause the alimony obligations subject to the contingency to be periodic in nature and, hence, subject to modification upon a showing of changed circumstances. I believe the holding and reasoning in *Hall, supra,* is correct and should apply to this case.

Accordingly, I would reverse and remand for consideration of whether there was sufficient change in the parties' circumstances to warrant modification of the alimony obligations.