GOLDBERG v GOLDBERG

Docket No. 98045. Submitted February 16, 1988, at Detroit. Decided
September 20, 1988.

Plaintiff, Devorah Goldberg, and defendant, Marvin Goldberg,
were divorced pursuant to a judgment entered in the Oakland
Circuit Court, Robert C. Anderson, J. The judgment obligated
defendant to make certain installment payments to the plain-
tiff. The parties disagree whether such payments are for ali-
mony in gross. Defendant thereafter moved to have the amount
of the payments reduced. The trial court ordered that the
payments be reduced. Plaintiff appealed from that order.

The Court of Appeals *held:*

1. The parties clearly contemplated that the provisions for
the plaintiff's support be alimony in gross. The condition at-
tached to such payments, providing for modification to compen-
sate for certain tax consequences, is not a sufficient indication
to defeat the otherwise manifested intent to create alimony in
gross.

2. The agreement of the parties embodied in the judgment
unambiguously precluded the modification order entered in this
case. The circuit court had no authority to enter the modifica-
tion order, regardless of any possible equities weighing in
defendant's favor.

Reversed.

1. DIVORCE — ALIMONY IN GROSS.

Alimony in gross is the payment of a definite, fixed sum over a
definite period of time; alimony in gross is not subject to
modification upon a showing of a change in circumstances.

2. DIVORCE — ALIMONY IN GROSS.

The Court of Appeals, in determining whether an alimony provi-
sion is deemed to be in gross or periodic, construes the agree-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 520 *et seq.,* 624 *et seq.,* 699
*et seq.*

Divorce: power of court to modify decree for alimony or support of
spouse which was based on agreement of parties. 61 ALR3d 520.

ment to give effect to the parties' intent expressed in the agreement.

3. DIVORCE — ALIMONY IN GROSS — CONTINGENT ALIMONY.

The attachment of conditions to the obligation to make payments can evidence an intent not to create alimony in gross, however, alimony in gross may be found to have been intended where the conditions are not a sufficient expression of an intent contrary to the manifested intent to create alimony in gross.

Devorah J. Goldberg, in propria persona.

*Gropman, Lebow & Tobin* (by *Raymond I. Foley*), for defendant.

Before: HOLBROOK, JR., P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff, the obligee of installment payments provided in the judgment of divorce, appeals from an order reducing those payments. We reverse.

The pertinent provision of the original judgment of divorce provided:

IT IS FURTHER ORDERED AND ADJUDGED, that the Defendant, Marvin Goldberg shall pay to the Plaintiff, Devorah Goldberg directly for her support and alimony the sum certain of Two Hundred and Twenty-One Thousand, Eight Hundred and Thirty-Three Dollars ($221,833.00) payable over a period of one hundred twenty-one (121) months and payable as follows: Commencing on the 10th day after enty [sic] of this Judgment and payable in advance on the 15th of each month the sum of One Thousand Eight Hundred Thirty-Three Dollars and 74/100 ($1,833.74). Said alimony payments shall not terminate upon the death of the Defendant or Plaintiff, or upon remarriage of Devorah Goldberg, or for any cause whatsoever, and shall be payable to her estate in the event of her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

death. This alimony is not modifiable for any cause whatsoever. Payments of such sums shall be periodic payments, under Section 71(a)(1) of the Internal Revenue Code, and taxable to the Plaintiff and deductible on the Federal Income Tax Return of the Payor, Defendant Husband under Section 215 of the Internal Revenue Code.

IT IS FURTHER ORDERED AND ADJUDGED, that these periodic payments and additional alimony described above, were negotiated as further consideration for this property settlement and were effected on the assumption that the payments under the periodic payments contained herein will be deductible by the Defendant Marvin Goldberg and taxable to the Plaintiff, Devorah Goldberg. If as a result of a final and binding judicial determination to the contrary or because of some subsequent change in the governing law or its authoritative interpretation, the periodic payments provided herein will no longer be taxable to the Plaintiff wife or deductible to the Defendant husband, then, said periodic payments shall be reduced by such figure as shall be established by the Court, to compensate for the tax changes only, aking [sic] into consideration the fact that this portion of the property settlement agreement was negotiated based on the assumption that the Defendant husband was in the 50% tax bracket. This provision shall only be effective if the Defendant husband does nothing to make said payments non-deductible.

These provisions appeared in the judgment under the caption "PROPERTY SETTLEMENT," being included as part of a comprehensive division of marital property. Under the "ALIMONY" caption, it was explicitly provided that neither party was entitled to alimony. The transcript of a hearing conducted at the time of the judgment corroborates that the above-quoted provision resulted from the parties' agreement reached after negotiations. In plaintiff's prior appeal from the judgment

of divorce this Court affirmed, stating that property settlements "duly arrived at by the parties and placed on the record in open court in the presence of counsel, are entitled to a high degree of finality." *Goldberg v Goldberg,* unpublished opinion per curiam of the Court of Appeals, decided January 4, 1985 (Docket No. 74029).

We initially conclude that these provisions for payment of a definite, fixed sum over a definite period of time legally effected alimony in gross, which is not subject to modification upon a showing of a change in circumstances. See *Oknaian v Oknaian,* 90 Mich App 28; 282 NW2d 230 (1979). In determining whether an alimony provision is deemed to be in gross or periodic, we construe the agreement to give effect to the parties' intent expressed in that agreement. *Id.,* pp 37-38; *Pierce v Pierce,* 166 Mich App 579, 580-581; 420 NW2d 855 (1988). Here the parties clearly contemplated that the provisions for the wife's support be alimony in gross. Although the attachment of conditions to the obligation to make payments can evidence a contrary intent, see *Welch v Welch,* 112 Mich App 524; 316 NW2d 258 (1982), we do not believe that a single condition regarding tax consequences is a sufficient indication to defeat the otherwise manifested intent to create alimony in gross. See also, *Pierce, supra,* pp 581-582; *Macoit v Macoit,* 165 Mich App 390; 418 NW2d 476 (1988), lv pending. Unlike the condition for termination of payments upon the death of the obligee in *Hall v Hall,* 157 Mich App 239; 403 NW2d 530 (1987), the condition here was not a sufficient expression of an intent contrary to the parties' expressed intent to create alimony in gross.

We further conclude that the agreement unambiguously precluded the modification order entered in this case. The agreement embodied in the judg-

ment provides for modification to compensate for tax consequences only if the payments "will no longer be taxable to the Plaintiff wife or deductible to the Defendant husband." There is no argument made that this condition has occurred. Only in that specified event could the circuit court apply the mechanism for adjustment of the alimony obligations in light of the then-prevailing tax consequences. Since the only alleged change is the amendment of the tax laws to reduce the tax rate applicable to defendant, the circuit court had no authority to enter a modification order, regardless of any possible equities weighing in defendant's favor. See *Shahan v Shahan,* 74 Mich App 621; 254 NW2d 596 (1977).

On remand, the circuit court shall reinstate defendant's support obligations in the amount established pursuant to the judgment of divorce.

Reversed and remanded.