BLAKE v BLAKE

Docket No. 106443. Submitted February 8, 1989, at Lansing. Decided March 27, 1989.

Plaintiff, John L. Blake, was divorced from Elizabeth E. Blake in 1984. The divorce judgment contained an alimony provision approved by both parties. Alimony was to be a fixed amount paid to defendant in scheduled payments over five years with payments to terminate upon the death or remarriage of defendant and was specifically not subject to modification. Defendant petitioned the Oakland Circuit Court to modify the alimony award. The court, Jessica R. Cooper, J., held that the alimony award was subject to modification. Plaintiff appealed.

The Court of Appeals *held:*

A court may not modify an alimony award contained in a divorce judgment where the parties agreed to the alimony terms and one of the terms is an unambiguous intention to prohibit modification.

Reversed.

DIVORCE — ALIMONY — MODIFICATION OF ALIMONY.

A court may not modify an alimony award contained in a divorce judgment where the parties agreed to the alimony terms and one of the terms is an unambiguous intention to prohibit modification.

*John H. Murphy,* for plaintiff.

*Beryl W. Hoffman,* for defendant.

Before: GILLIS, P.J., and SULLIVAN and GRIFFIN, JJ.

PER CURIAM. Plaintiff husband appeals as of

REFERENCES

Am Jur 2d, Divorce and Separation §§ 699 *et seq.*

Divorce: Power of court to modify decree for alimony or support of spouse which was based on agreement of parties. 61 ALR3d 520.

right from a circuit court order holding that the alimony provision contained in the parties' judgment of divorce provided for periodic alimony, not alimony in gross and, thus, that the alimony provision was modifiable. We reverse.

The parties divorced in 1984, after twenty-seven years of marriage. The alimony provision at issue here provides:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOHN L. BLAKE, shall pay, from date of entry of this Judgment, alimony to the Defendant, ELIZABETH E. BLAKE, a sum of $60,000.00 payable at the rate of $1250.00 per month for the first Two (2) years, $1,000.00 per month for the 3rd and 4th years, and $500.00 per month for the 5th year. *Said alimony payments are to terminate upon the death or remarriage of the Defendant.* It is the intent of this provision that said alimony payments are tax deductible to Plaintiff and taxable income to Defendant.
>
> IT IS FURTHER ORDERED that neither party is entitled to any alimony other than is set forth above. *Nor is said provision for such alimony subject to modification.* Alimony payments are to be secured by designating Defendant as an irrevocable beneficiary on Plaintiff's employer provided life insurance policy until Plaintiff's alimony obligation set forth above is fully satisfied. [Emphasis added.]

The record makes it clear that the parties agreed to the provisions contained in the judgment of divorce.

Two years after the divorce, defendant wife filed a petition to increase and extend the payment of periodic alimony. Plaintiff husband countered that the alimony was in gross and, thus, nonmodifiable. The trial court disagreed with plaintiff on the basis of the contingencies contained in the alimony

provision and ordered the friend of the court to investigate and then make a recommendation on defendant's petition.

Although the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross which is nonmodifiable absent a showing of fraud. *Hall v Hall,* 157 Mich App 239, 241; 403 NW2d 530 (1987); *Oknaian v Oknaian,* 90 Mich App 28, 37; 282 NW2d 230 (1979). Alimony in gross is a sum certain and is payable either in one lump sum or by periodic payments of a definite amount over a specific period of time. *Van Houten v Van Houten,* 159 Mich App 713, 716-717; 407 NW2d 69 (1987). In determining whether an alimony provision provides for alimony in gross or periodic alimony, this Court generally construes the agreement to give effect to the parties' intent expressed in that agreement. *Goldberg v Goldberg,* 171 Mich App 643, 646; 430 NW2d 926 (1988); *Pierce v Pierce,* 166 Mich App 579, 580-581; 420 NW2d 855 (1988), further consideration declined in the absence of an application for leave to appeal, 430 Mich 1202 (1988).

Here, the dual contingency of the alimony provision that defendant wife remain unmarried and that she survive evidenced the parties' intent to create periodic alimony. See *Hall, supra,* pp 242-243; *Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985); *Welch v Welch,* 112 Mich App 524, 526; 316 NW2d 258 (1982). However, the parties also agreed to clauses in the divorce judgment, which the trial court approved by entering the judgment, providing that the alimony provision was not modifiable and that neither party was entitled to any alimony other than that set forth. Hence, because of the inclusion of this unambigu-

ous language we conclude that the trial court erred by ruling that the alimony provision was modifiable. See, e.g., *Goldberg,* 646-647.

We acknowledge that our ruling signifies our failure to follow this Court's ruling in *Couzens.* However, we must so rule in order to give effect to the parties' intentions.

Reversed.