## HAGERTY v. HAGERTY.

1. DIVORCE—SEPARATE MAINTENANCE—STATUTE CONTROLLING.
    Where a wife's bill for divorce prayed for separate maintenance on the ground of non-support, and the decree for plaintiff provided that she was "entitled to a separate maintenance from the defendant," the case comes within the provisions of 3 Comp. Laws 1915, § 11398, which provide for a divorce from bed and board, rather than § 11479 *et seq.*

2. SAME—SUIT NOT ABATED BY DEATH OF PLAINTIFF AFTER DECREE FILED.
    The death of plaintiff wife, in a suit for divorce from bed and board, after decree in her favor and pending an appeal, did not abate the suit.

As to whether alimony terminates on the death of husband, see notes in 2 L. R. A. (N. S.) 232 and 18 A. L. R. 1040.

3. SAME—SEPARATE MAINTENANCE—ALIMONY IN GROSS ALLOWABLE. In awarding alimony in a decree of divorce from bed and board, 3 Comp. Laws 1915, § 11414, is controlling; and where, under said statute, plaintiff was awarded alimony in gross, to be in lieu of her dower in defendant's property and all of her interest therein, said award would not be affected by the death of either party.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 3, 1923. (Docket No. 22.) Decided March 22, 1923.

Bill by Ellen Hagerty against James Hagerty for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*Van Dyke, O'Brien & Wheat,* for plaintiff.

*Charles Bowles* and *John Loree,* for defendant.

BIRD, J. In June, 1920, plaintiff filed her bill for divorce, praying a separate maintenance on the ground of non-support. Defendant answered; denying the material allegations. Hearing was had and the chancellor granted plaintiff's prayer for separate maintenance and awarded her money and property aggregating about $5,000. The decree was filed January 16, 1922. While the appeal to this court was pending, and on December 16, 1922, plaintiff died.

The defendant contends:

(1) The death of the plaintiff terminated the case, and the bill of complaint should be dismissed.

(2) The court should not have decreed the plaintiff a lump sum payment.

1. Defendant assumes that this bill was filed under the provisions of 3 Comp. Laws 1915, § 11479 *et seq.* In this we think he is in error. The bill stated that "separate maintenance was sought," and the decree provides that said "petitioner, Ellen E. Hagerty, is entitled to a separate maintenance from the defend-

ant, James Hagerty." This would appear to bring the case within the provisions of section 11398, which provide for a divorce from bed and board. *Cole* v. *Cole*, 193 Mich. 655. The record also gives evidence that at the time of the hearing the parties understood they were proceeding under this statute. The issue was tried out and the plaintiff presented a very meritorious case, and the defendant was shown to be worth between $12,000 and $15,000. The court announced his conclusions. They were embodied in a decree, signed and filed. Then the parties began to perfect an appeal, and during this time plaintiff died. Inasmuch as the hearing was concluded and plaintiff's rights were embodied in a decree, which was signed and filed before her death, we discover no cause for an abatement of the suit. *Downer* v. *Howard*, 44 Wis. 82.

2. The next contention is that the court should not have decreed plaintiff alimony in gross. This perhaps would be true under the statute which defendant's counsel assumed controlled the case. We are of the opinion that section 11414 is controlling of this question. This section provides that:

"Upon every divorce from the bond of matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate real and personal, to be paid to her in gross or otherwise as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case."

Our attention is called to *Wagner* v. *Wagner*, 132

Mich. 343, which holds that where alimony was granted under a decree for separate maintenance by the payment of monthly allowances, that upon the death of the husband the allowances should cease. If alimony had been granted in the present case by monthly allowance we should, doubtless, be of the same opinion, but the allowance was made in the present case in gross, and was expressly stated to be in lieu of plaintiff's dower in defendant's property and all of her interest therein. Under these circumstances we do not think the provisions of alimony as fixed by the court would be affected by the death of either party.

We are of the opinion that both of the questions raised should be ruled against the contention of the defendant, and that the decree should be affirmed, but the decree will not be formally affirmed and filed until plaintiff's death is suggested of record in this court. The records of this court should show that when the matter was determined there was someone representing the estate of the plaintiff.

Plaintiff's intestate will recover plaintiff's costs in this case together with an attorney fee of $250.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.