VIGIL v VIGIL

Docket No. 57306. Submitted May 19, 1982, at Detroit.—Decided July 19, 1982.

Amos E. Vigil obtained a divorce from Iris Vigil, Macomb Circuit Court, George R. Deneweth, J. A property settlement negotiated by the parties was incorporated into the judgment of divorce. The judgment provided that plaintiff was to make the mortgage payments on the marital home for a period of five years, after which the home was to be sold. Subsequently plaintiff brought a motion alleging that he had been compelled to pay insurance and taxes on the home contrary to the divorce judgment. The trial court held that the judgment required plaintiff to pay only the actual mortgage amount and that the plaintiff was entitled to a credit for any amounts he paid for taxes and insurance. In so holding, the trial court had concluded that the judgment was unambiguous and refused to allow the defendant to present evidence as to the actual intent of the parties. Defendant appeals. *Held:*

The judgment does not define "mortgage payment". The mortgage agreement executed by the parties requires a single mortgage payment defined to include insurance premiums and taxes. The term as used in the judgment is therefore ambiguous. Because the actual judgment was not drafted by the trial court but by plaintiff's trial counsel, and was approved by defendant's trial counsel, the trial court did not make its own findings of fact and conclusions of law upon which to rely in interpreting the ambiguity in the judgment. The matter must therefore be remanded to allow the parties to present evidence relevant to the meaning of the term "mortgage payment" as used in the judgment.

Reversed and remanded.

1. DIVORCE — PROPERTY SETTLEMENTS.

Courts are bound to uphold property settlements reached through

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 906.

[2] 24 Am Jur 2d, Divorce and Separation § 904.

[3] 46 Am Jur 2d, Judgments § 72 *et seq.*

negotiations and agreement by the parties in a divorce action absent fraud, duress, or mutual mistake, whether the settlement is reduced to writing or is simply orally placed on the record and consented to.

2. DIVORCE — PROPERTY SETTLEMENTS.

A trial court has the inherent power to interpret and clarify the terms of an ambiguous property settlement in a divorce judgment, and has wide discretion in such interpretation.

3. JUDGMENTS — AMBIGUITIES IN JUDGMENTS — RESOLUTION OF AMBIGUITIES.

The rule that a trial court need only look to its own findings of fact and conclusions of law in resolving an ambiguity in a judgment applies only to those judgments resulting from the court's own findings of fact and conclusions of law; where the judgment entered was the product of the parties' own negotiated settlement, drafted not by the trial court but by counsel and approved by opposing counsel, and where the attorneys are no longer involved in the case, resolution of an ambiguity in the judgment can only be had by reference to additional proofs.

*Benjamin & Godfine,* for plaintiff.

*Bruce A. Karash,* for defendant.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

N. J. KAUFMAN, J. The parties to this divorce action were married in Trieste, Italy, in 1949. After nearly 29 years of marriage, plaintiff filed for divorce on March 27, 1978. The parties negotiated a property settlement, which was placed before the trial court during a hearing on September 29, 1978. Plaintiff's counsel explained in pertinent part:

"As far as the marital home is concerned, it has been agreed that the parties will own the marital home as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenants in common, and that it will remain in that posture for five years from the date of the judgment.

"At the expiration of the five year period, the home will be sold, and each of the parties hereto will share in one half of the equity.

"During this five year period, *the plaintiff, Amos Vigil, will continue to make the house payments* and the defendant will continue to make whatever other payments are necessary to run the home, such as utilities." (Emphasis added.)

The property settlement was incorporated into a consent judgment of divorce entered on October 17, 1978. The judgment provided:

"It is further ordered and adjudged that the real property heretofore owned and possessed by the parties hereto as tenants by the entirety, described as follows:

"Land in the City of Warren, Macomb County, Michigan, described as: Lot 26, Dover-Heights Subdivision, part of the Southwest 1/4 Section 13, T1N, R12E, City of Warren, Macomb County, Michigan, according to the Plat thereof as recorded in Liber 51, Pages 43, 44 and 45 of Plats, Macomb County Records, shall be and is hereby awarded to each of the parties hereto as tenants in common, with each having an undivided one-half (1/2) interest therein for a period of five years from the date hereof. During said five year period, *plaintiff will assume the obligation of making the mortgage payments* and defendant will assume whatever the other obligations of the house are, including but not limited to the utilities. At the expiration of this five year period, the home shall be sold and following the expenses of sale, the net equity will be divided on an even basis." (Emphasis added.)

Plaintiff paid the mortgage payments on the house, including escrowed taxes and insurance, from October of 1978 through August of 1980. On August 12, 1980, plaintiff filed a motion to reduce the amount of alimony paid to defendant, contend-

ing that his income had decreased since the time of the divorce judgment while his own living expenses had increased. In addition, plaintiff alleged that he had been compelled to pay the insurance and taxes on the marital home, contrary to the terms of the divorce judgment. Plaintiff requested a credit for past insurance and tax payments.

The trial court ruled that the terms of the divorce judgment precluded modification of the alimony payments for a period of five years. However, with regard to the marital home, the court interpreted the judgment as requiring plaintiff to pay only the actual mortgage amount, leaving defendant with the responsibility of paying the insurance and taxes. The court concluded that the judgment was unambiguous and subject to only one interpretation and, consequently, refused to allow defendant to present evidence as to the actual intent of the parties. The court ruled that plaintiff was entitled to a credit for the taxes and insurance already paid, minus any resulting income tax benefits he had received, said credit to be received upon sale of the house. Defendant appeals from the resulting order, contending that the trial court erred by refusing her offer of proof as to the intent of the parties.

Courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress, or mutual mistake. The rule applies whether the settlement is reduced to writing or is simply orally placed on the record and consented to. *Kline v Kline,* 92 Mich App 62, 71-72; 284 NW2d 488 (1979). However, where any property settlement is ambiguous, the court has inherent power to interpret and clarify its terms. *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959); *Boucher v*

*Boucher,* 34 Mich App 213, 219; 191 NW2d 85 (1971). In the instant case, the judgment entered is ambiguous with regard to the payments on the parties' marital home. The judgment provides that plaintiff is to assume the obligation of making "mortgage payments", while defendant is to assume all other obligations concerning the house. The judgment does not define the term "mortgage payment". While plaintiff insists that the term only refers to those payments necessary to retire the mortgage note on the dwelling, the actual FHA mortgage agreement executed by the parties with the Detroit Bank and Trust Company requires a single mortgage payment defined to include principal and interest on the mortgage note, insurance premiums and taxes and assessments on the property.[1] Moreover, plaintiff's contention that a literal construction of the term is inescapable is belied by the fact that plaintiff for nearly two

---

[1] The mortgage reads, in pertinent part:

"THIRD: That, in order more fully to protect the security of this mortgage, the Mortgagor, together with, and in addition to, the monthly installments of principal and interest payable under the terms of the note secured hereby, will pay to the Mortgagee the following sums:

"(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, * * *

* * *

"(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the Mortgagee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes, and assessments will become delinquent, such sums to be held by Mortgagee in trust to pay said ground rents, premiums, taxes, and special assessments; and

"(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together and the aggregate amount thereof shall be paid by the Mortgagor each month in a single payment to be applied by the Mortgagee to the following item in the order set forth: * * *"

years included the tax and insurance amounts in the payments he made. In light of this ambiguity, interpretation of the judgment is necessary.

Generally, trial courts are afforded wide discretion in interpreting divorce judgments, in keeping with the discretion generally exercised in initially reaching such judgments. *Greene v Greene, supra,* 201-202. Often, in interpreting a judgment, the trial court will need only look to its own findings of fact and conclusions of law to resolve an ambiguity. *Walker v Walker,* 327 Mich 707, 712; 42 NW2d 790 (1950). In *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943), the Supreme Court rejected an appellant's claim that the trial court's interpretation of the divorce judgment was based upon an insufficient record. Quoting from *Tessmer v Tessmer,* 261 Mich 681; 247 NW 93 (1933), the Court referred to the inherent familiarity a trial court has with the circumstances and meaning of its own divorce judgment:

"In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Proceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous." 307 Mich 370.

We believe this familiarity rule extends only to judgments entered pursuant to a court's own decision, that is, to those judgments resulting from the trial court's own findings of fact and conclusions of law. The trial court is unavoidably familiar with the process by which such judgments are reached. In the instant case, the judgment entered was the

product of the parties' own negotiated settlement. As is customary, the actual judgment was drafted not by the trial court but by plaintiff's trial counsel, an attorney no longer involved in the case. The judgment was approved as to form and substance by defendant's trial counsel, also no longer involved in the litigation. Under these circumstances, resolution of the ambiguity in the judgment as entered can only be had by reference to additional proofs. Here, the parties' own negotiations substituted for the findings of fact and conclusions of law that otherwise would have been made by the trial judge. Consequently, we must reverse and remand to allow the parties the opportunity to present evidence relevant to the meaning of the term "mortgage payment" in the divorce judgment. Relevant evidence may include, but is not limited to, the testimony of the parties and their trial counsel as to their intent in devising the property settlement. We note, however, that the matter that we place before the trial court is one of construction of the divorce judgment. Contrary to the fears expressed by the parties and court at the trial level, interpretation of the ambiguity in question does not "reopen" the entire divorce judgment and subject it to relitigation. The record does not reveal that the parties have argued the existence of any other uncertainties in the meaning of the judgment.

Reversed and remanded. We retain no jurisdiction.