BERS v BERS

Docket No. 91022. Submitted January 14, 1987, at Lansing. Decided April 30, 1987.

Nancy Lee Bers was divorced from Vilis Bers in Ottawa Circuit Court. The January, 1985, consent judgment of divorce provided for joint custody of the minor son of the marriage, with physical custody of the child being given to plaintiff. The judgment included an agreed-upon property settlement which awarded the marital home to plaintiff, with defendant having a lien in the amount of $17,500 which would become payable upon the happening of the death of plaintiff, her remarriage or "de facto marriage," the sale of the home "or failure to use the marital home as the domicile of the minor child" or the child's reaching eighteen years of age or finishing high school. Some ten months after entry of the judgment of divorce, defendant petitioned for a change of custody of the child. The trial court, James E. Townsend, J., granted defendant's petition and awarded physical custody of the child to defendant. Defendant then moved to enforce the lien portion of the divorce judgment on the basis that the court-ordered change of custody resulted in a failure to use the marital home as the domicile of the child. The trial court denied the motion, holding that the court-ordered custody transfer did not constitute a failure by plaintiff to use the marital home as the domicile for the child and that defendant was estopped from enforcing the lien because the defendant had at the time the consent judgment was entered intended to seek custody of the child and had withheld that information from plaintiff. The order denying defendant's motion was entered on February 13, 1986. On February 21, 1986, defendant filed a motion for rehearing or reconsideration. The trial court denied that motion on the basis that it was not timely filed. Defendant appealed.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Divorce and Separation §§ 817 et seq.; 832, 836.

Am Jur 2d, Motions, Rules and Orders §§ 8, 27.

See the annotations in the Index to Annotations under Property Settlements.

1. While it was proper for the trial court to refuse to consider the motion for rehearing which was not filed within the seven-day period prescribed by the court rules, the failure to bring a timely motion for reconsideration or rehearing does not act as a jurisdictional bar to bringing an appeal in the Court of Appeals.

2. It was error for the trial court to construe the language of the consent judgment in a fashion which is contrary to the clear intent of the provision and thereby effectively change the substantive rights of the parties.

3. The doctrine of estoppel is inapplicable here because the defendant's intent and desire to have custody of the child was made known to plaintiff prior to entry of the consent judgment and thus there was no false representation or concealment.

Reversed and remanded.

1. MOTIONS AND ORDERS — REHEARINGS — APPEAL — COURT RULES.

A trial court may properly dismiss a motion for rehearing or reconsideration of a decision on a motion on the basis of the failure to bring a timely motion for reconsideration or rehearing where the motion for reconsideration or rehearing is not made within the seven-day period prescribed by the court rules; the failure to bring a motion for rehearing or reconsideration in the trial court within the time prescribed by the court rules does not create a jurisdictional bar to the filing of an appeal of right in the Court of Appeals (MCR 2.119[F]).

2. DIVORCE — PROPERTY SETTLEMENTS.

Courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress or mutual mistake; where any property settlement is ambiguous, a court has inherent power to interpret and clarify its terms, however, a clarification is permitted only where no substantive rights of the parties will result from the clarification.

3. ESTOPPEL — DIVORCE SETTLEMENTS — FALSE REPRESENTATIONS.

Application of the doctrine of estoppel to prevent enforcement of a property settlement consented to by the parties is justified only where it is found that there was a false representation or concealment of a material fact by one of the parties which was made with the expectation that the other party would rely upon the false representation or concealment.

*Giddy & Associates* (by *John R. Moritz*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

PER CURIAM. Defendant, Vilis Bers, appeals as of right from an order of the Ottawa Circuit Court denying his motion to enforce a consent judgment of divorce and a subsequent order denying his motion for reconsideration. In his motion, defendant sought to satisfy a lien in the amount $17,500 he held on the marital home pursuant to a divorce judgment after the marital home no longer was the domicile of the parties' minor child. The trial court ruled that under the terms of the consent judgment of divorce defendant was not entitled to enforce his lien.

The parties entered into a consent judgment of divorce on January 9, 1985. Under the judgment both parties were given joint legal custody of their minor son, Eriks, with physical custody given to the plaintiff mother. The agreed-upon property settlement awarded the marital home to the plaintiff but contained the following provision:

> IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, Vilis Bers, shall have a lien upon said marital home in the amount of $17,500.00, non interest bearing, payable upon the first of any of the following occurrences:
>
> (1) The death of the Plaintiff.
>
> (2) The remarriage or "de facto marriage" of the Plaintiff.
>
> (3) Sale of the marital home, *or failure to use the marital home as the domicile of the minor child.*
>
> (4) The minor child turning 18 years of age, or finishing high school, whichever occurs last.
>
> IT IS FURTHER ORDERED AND ADJUDGED that the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Court retains jurisdiction to enforce the lien provisions of this Judgment. The lien shall bear interest at 9% per annum in the event of default by the Plaintiff, interest to commence at the time of default. [Emphasis added.]

Some ten months after the entry of the divorce judgment, defendant filed a petition for change of custody and modification of the judgment of divorce. The trial court subsequently granted defendant's petition on September 3, 1985, and physical custody of Eriks was awarded to defendant. On October 29, 1985, defendant filed a motion to enforce the judgment of divorce. Defendant argued that the court-ordered change in custody of the parties' minor child resulted in a failure to use the marital home as the domicile of the minor child. Consequently, pursuant to the above-quoted provision of the consent judgment, defendant claimed he was entitled to payment in satisfaction of his lien upon the marital home in the amount of $17,500.

Following oral arguments, the trial court denied the motion. The court reasoned that the court-ordered custody transfer did not constitute a *failure by plaintiff* to use the marital home as the domicile for the minor child. Also, the court ruled that, because liberal visitation rights were granted to plaintiff, the domicile of the child had not actually changed. Finally, the court found that defendant was estopped from collecting on the lien based on a finding that defendant had intended to seek custody of Eriks prior to the entry of the divorce judgment and that had this fact been known to the plaintiff it could have materially affected the consent divorce judgment. An order denying defendant's motion was entered on February 13, 1986. Eight days later, on February 21,

1986, defendant filed a motion for rehearing or reconsideration. MCR 2.119(F). The trial court denied the motion, finding that defendant had failed to file his motion in a timely fashion. The court also noted that the issues raised on rehearing were the same as previously decided and a different disposition was not warranted.

On appeal, the issue raised and argued by the defendant is whether the court-ordered change of custody of the parties' minor child from plaintiff to defendant requires plaintiff to pay defendant $17,500 in satisfaction of defendant's lien on the marital home pursuant to the consent divorce judgment, because the home is no longer the domicile of the minor child. Defendant asserts that the trial court in this case abused its discretion in ruling that the change in custody did not require the plaintiff to satisfy the lien. Initially, however, we must determine what effect, if any, the defendant's late filing of his motion for reconsideration has on this Court's ability to review the merits of his claim.

An appeal by right to this Court can only be taken from a final order of the circuit court or other tribunal. See MCR 7.203. Here, defendant appeals from the order of the trial court which denied his motion for rehearing or reconsideration brought pursuant to MCR 2.119(F). Defendant sought a rehearing because he felt that the court's original ruling was contrary to the record and legally incorrect. MCR 2.119(F) provides:

> (1) Any motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 7 days after entry of the order disposing of the motion.
>
> * * *
>
> (3) Generally, and without restricting the discre-

> tion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

This provision concerning motions for rehearing and reconsideration did not exist under the prior court rules.

In this case, the record reveals that an order denying defendant's motion to enforce the divorce judgment and satisfy his lien was entered on February 13, 1986. Defendant filed his motion for rehearing or reconsideration of that order on February 21, 1986, eight days after entry of the original order. Therefore, defendant failed to bring his motion for rehearing in a timely manner. As a result, the trial court was certainly justified in refusing to hear the motion. MCR 2.119(F)(1). However, we do not believe that the trial court's denial of defendant's motion for rehearing based on the failure to bring the motion in a timely manner prevents us from reaching the merits of this controversy.

The purpose of MCR 2.119(F) is to allow a trial court to immediately correct any obvious mistakes it may have made in ruling on a motion, which would otherwise be subject to correction on appeal, but at a much greater expense to the parties. 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 537. The time requirement for filing a motion for reconsideration or rehearing insures that the motion will be brought expeditiously. Concerning the application of this rule, this Court in *Smith v Sinai Hospital of Detroit,*

152 Mich App 716, 723; 394 NW2d 82 (1986), stated:

> If a trial court wants to give a "second chance" to a motion it has previously denied, it has every right to do so, and this court rule does nothing to prevent this exercise of discretion. All this rule does is provide the trial court with some guidance on when it may wish to deny motions for rehearing.

There is no suggestion in the court rules that the filing requirements for rehearing motions should be considered jurisdictional. Further, the bringing of a motion for rehearing or reconsideration is not required in order to take an appeal by right to this Court. Defendant was required to take his claim of appeal from the order denying his motion for rehearing because that was the final order of the lower court related to his controversy. Certainly, by appealing, defendant desires to challenge the merits of the trial court's original ruling in this Court and does not seek a remand for a rehearing. While we find no abuse of discretion in the trial court's denial of defendant's motion for rehearing as untimely, in our opinion that ruling is irrelevant to the determination of the merits of defendant's appeal.

Turning to the merits of the controversy, we must decide whether the trial court erred in refusing to enforce the consent judgment of divorce and require plaintiff to satisfy defendant's lien on the marital home. As a general rule, property settlements adjudged final are nonmodifiable. *Dougherty v Dougherty,* 48 Mich App 154, 158; 210 NW2d 151 (1973). Concerning consent judgments of divorce, this Court in *Vigil v Vigil,* 118 Mich App 194, 197-198; 324 NW2d 571 (1982), stated:

Courts are bound to uphold property settlements reached through negotiations and agreement by the parties in a divorce action absent fraud, duress, or mutual mistake. The rule applies whether the settlement is reduced to writing or is simply orally placed on the record and consented to. *Kline v Kline,* 92 Mich App 62, 71-72; 284 NW2d 488 (1979). However, where any property settlement is ambiguous, the court has inherent power to interpret and clarify its terms. *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959); *Boucher v Boucher,* 34 Mich App 213, 219; 191 NW2d 85 (1971).

However, a clarification in a consent judgment of divorce is permitted only where no change in the substantive rights of the parties will result from the clarification. *Boucher, supra,* p 230.

In this case, the trial court determined that the terms "failure" and "domicile" in the consent divorce judgment were ambiguous. The court then proceeded to supply definitions for these terms. Based on these definitions, the lower court determined that its change of custody order did not trigger the payment of the lien clause. We find that the lower court clearly erred in its ruling

The consent judgment of divorce entered in this case was the result of extensive negotiations between the parties and their respective counsel. The court was not a party to these negotiations and simply gave judicial approval to the final settlement. In our opinion, the phrase "failure to use the marital home as the domicile of the minor child" is not ambiguous or in need of clarification. The court interpreted the phrase as requiring that there must be a failure by the *plaintiff* to use the marital home as the domicile of the minor child. The court also indicated that there had not been a change in custody so long as the plaintiff exercised her visitation rights.

However, by interpreting the divorce judgment in the manner it did, the trial court effectively changed the substantive rights of the parties. This was clearly impermissible. In effect, the trial court placed restrictions on the defendant's ability to realize financial satisfaction of his lien that were not present in the original judgment. As a result of the court's clarification, the minor child may no longer be domiciled in the marital home, but defendant could not enforce the lien unless plaintiff took some affirmative steps to change the domicile of the child from the marital home. Moreover, the trial court's interpretation of the term "domicile" holds defendant's right to enforce his lien in abeyance as long as plaintiff exercises her rights to visitation. This condition was certainly never contemplated in the original divorce judgment. Therefore, we hold that the trial court clearly erred in refusing to enforce the divorce judgment as written and thereby permit the defendant to satisfy his lien on the marital home.

In addition, the trial court committed error requiring reversal in using the doctrine of estoppel as a ground for denying defendant's motion to enforce the divorce judgment. To justify the application of the estoppel doctrine, it must be found that there was a false representation or concealment of a material fact by a party, made with the expectation that the other party would rely on this fact, and knowledge of the actual facts on the part of the concealing party. *Lothian v Detroit,* 414 Mich 160, 177; 324 NW2d 9 (1982).

Here, the trial court found that defendant had formed the intent to gain custody of his son prior to the entry of the divorce judgment and concealed this intent from the plaintiff. As a result, the court ruled that defendant was estopped from asserting the court-ordered change of custody as a ground

for enforcing the lien. However, the record reveals that, some six months prior to the entry of the judgment, defendant informed the plaintiff that their son desired to live with him and that he felt it was in the best interest of the child to do so. Thus, defendant did not conceal the fact that he wanted custody of his son, and plaintiff should have reasonably expected that the custody issue would arise again after the entry of the divorce judgment, especially in light of the expressed preference of the child to live with his father. Therefore, the doctrine of estoppel was inapplicable to this case.

Accordingly, we reverse the ruling of the trial court and remand this case to allow the defendant to enforce the judgment of divorce and seek satisfaction of his lien on the marital home.

Reversed and remanded.