PIERCE v PIERCE

Docket No. 99401. Submitted February 14, 1987, at Lansing. Decided
    February 17, 1988.
    Plaintiff, Judith D. Pierce, and defendant, Harry L. Pierce, Jr.,
        were divorced in 1985 pursuant to a judgment entered in the
        Oakland Circuit Court. Defendant moved in 1987 to terminate
        alimony because plaintiff allegedly remarried. The circuit
        court, Hilda R. Gage, J., denied the motion because the divorce
        judgment provided for alimony in gross and was not modifiable.
        Defendant appealed.

    The Court of Appeals *held:*

    The clear language of the divorce judgment provided for
        alimony in gross. Plaintiff's survivorship contingency, alone, is
        not enough to transform the alimony provision from one in
        gross to one providing for periodic alimony. There is no merit
        to defendant's argument that his obligation to pay alimony
        terminated because plaintiff allegedly remarried.

    Affirmed.

1. DIVORCE — ALIMONY IN GROSS — MODIFICATION.
    The general rule is that alimony in gross is not modifiable absent
        a showing of fraud.

2. DIVORCE — ALIMONY IN GROSS — DEATH.
    A provision in a judgment of divorce for the termination of an
        award of alimony in gross upon the death of the payee spouse
        is not enough to transform the alimony provision from one in
        gross to one providing for periodic alimony.

3. DIVORCE — ALIMONY IN GROSS — REMARRIAGE.
    An exception to the authority of a court to terminate alimony
        upon the remarriage of the payee is recognized for alimony in
        gross (MCL 552.13[2], 552.28; MSA 25.93[2], 25.106).

*Debra Nickin Ribitwer,* for plaintiff.

REFERENCES
Am Jur 2d, Divorce and Separation §§ 520, 624, 630, 635-637.
Allownce of alimony in lump sum in action for separate mainte-
    nance without divorce. 61 ALR2d 946.

*William A. Basse,* for defendant.

Before: Hood, P.J., and Sawyer and T. E. Jackson,* JJ.

Per Curiam. In this divorce action, defendant appeals as of right from a circuit court order denying his motion to terminate alimony. We affirm.

The parties were divorced in 1985. A consent agreement providing for alimony and a property settlement was incorporated into the divorce judgment. The alimony provision required defendant to pay plaintiff $36,000, payable in installments over four years. In 1987, defendant moved to terminate alimony because plaintiff allegedly remarried. Following a hearing in March, 1987, the circuit court denied the motion because the divorce judgment provided for alimony in gross and was not modifiable.

On appeal, defendant submits two issues for our consideration. First, defendant argues that the trial court erred in finding that the alimony provision could not be modified. We disagree.

The general rule is that alimony in gross is not modifiable absent a showing of fraud. *Hall v Hall,* 157 Mich App 239, 241; 403 NW2d 530 (1987). It has been defined as a court-ordered obligation to pay a fixed sum to a divorced spouse. *Oknaian v Oknaian,* 90 Mich App 28, 35; 282 NW2d 230 (1979). Payments may be made in either a lump sum or in installments for a specific period of time. *Hall, supra,* p 241.

In determining whether the alimony provision negotiated and agreed to by plaintiff and defendant provided for alimony in gross, we must con-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

sider the parties' intent. See *Vigil v Vigil,* 118 Mich App 194; 324 NW2d 571 (1982), and *Hall, supra,* p 246 (M. G. HARRISON, J., concurring). Ambiguities in a consent judgment of divorce may be interpreted and clarified, so long as this does not change the substantive rights of the parties. *Bers v Bers,* 161 Mich App 457; 411 NW2d 732 (1987).

Here, the alimony provision contains no ambiguity as to the parties' intent. It is entitled "ALIMONY IN GROSS," contains a fixed sum payable in installments over a specific period of time, and expressly states that "this clause is non-modifiable." The only clause which arguably indicates that alimony in gross was not intended is contained in the paragraph terminating defendant's obligation to pay alimony upon plaintiff's death. In *Hall, supra,* this Court, relying on *Hagerty v Hagerty,* 222 Mich 166, 169; 192 NW 553 (1923), found that an alimony provision providing for the termination of alimony upon the death of the payee spouse was not alimony in gross because the amount owed was not specifically ascertainable. By contrast, the panel in *Couzens v Couzens,* 140 Mich App 423, 428; 364 NW2d 340 (1985), indicated in dicta that a provision providing for the termination of alimony on the death of the wife did not bear upon the gross alimony issue.

We disagree with the panel in *Hall* because our Supreme Court's decision in *Hagerty* does not necessarily mean that a provision requiring the payee spouse to survive the fixed payment period transforms an alimony in gross award to periodic alimony. The alimony provision in *Hagerty* was found unaffected by the payee spouse's death, because the amount allowed was in gross and expressly stated that it was in lieu of the payee spouse's dower in her husband's property. *Hagerty*

did not address the effect of an express survivorship contingency in an alimony provision. Where, as here, the alimony provision provides for a fixed amount and expressly states that it is nonmodifiable, the intent of the parties to provide for alimony in gross is clear. The amount of the award, although contingent on plaintiff's survival, is ascertainable. Moreover, we find it significant that defendant's obligation to pay alimony in installments was only contingent upon plaintiff's surviving the fixed payment period. In the event of defendant's death, the alimony provision provided that the balance must be paid by his estate.

At most, defendant has demonstrated that plaintiff's survivorship contingency was agreed to in order to effectuate their express intent that the payments be deductible to defendant and taxable to plaintiff as alimony in accordance with §§ 71 and 215 of the Internal Revenue Code, 26 USC 71 and 26 USC 215. This is because the gross income of the payee spouse includes amounts received as alimony only if there is no liability to make any such payment for any period after the death of the payee spouse. 26 USC 71(b)(1)(D). However, as Judge M. G. HARRISON observed in his concurring opinion in *Hall, supra,* p 247, the standards in § 71 for distinguishing between periodic alimony and alimony in gross have not been adopted in Michigan, and we decline to do so. From the clear language of the alimony provision, we conclude that it only provided for alimony in gross. Plaintiff's survivorship contingency, alone, is not enough to transform the alimony provision from one in gross to one providing for periodic alimony. To hold otherwise would change the substantive rights of plaintiff provided for in the alimony provision.

Next, defendant argues that his obligation to

pay alimony terminated under MCL 552.13(2); MSA 25.93(2), because plaintiff allegedly remarried. This statutory provision, however, does not require that alimony be terminated upon a payee spouse's remarriage. It only provides that a court may terminate alimony upon remarriage. The statutory authority for modifying an alimony award is found in MCL 552.28; MSA 25.106. *Crouse v Crouse*, 140 Mich App 234, 238; 363 NW2d 461 (1985). An exception to this authority is recognized for alimony in gross. *Hall, supra,* p 241, and *Oknaian, supra,* p 37. We, therefore, find no merit in defendant's argument.

Affirmed.