*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID G. OSIM,

Plaintiff-Appellant,

v

JILL E. SCOTT,

Defendant-Appellee.

UNPUBLISHED
May 18, 2023

No. 359770
Crawford Circuit Court
LC No. 11-008659-DO

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Plaintiff David Osim (husband) appeals the trial court's order (1) requiring him to pay defendant Jill Scott (wife) one-half of his monthly gross social security benefits pursuant to the parties' contracted property settlement, and (2) modifying spousal support to award wife $1,000 monthly support. Because such action is prohibited by law, the trial court erred by dividing husband's social security benefits. The court also erred by setting July 1, 2017, as the effective date of its order; it should be effective April 3, 2017, which is the date husband moved to modify spousal support. While the court did not abuse its discretion in its modification of spousal support, its error concerning the property division could affect the amount of support warranted. We affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

We previously summarized the initial facts of this case as follows:

The parties divorced in 2012 after nearly 35 years of marriage. They entered into a consent judgment and a property settlement that disposed of their marital assets, but they were unable to agree on spousal support. [Husband] had worked for AT&T for over 20 years, while [wife] had not worked during the marriage. [Wife] was a stay-at-home mother and also has significant health problems. The property settlement gave [wife] half of the value of [husband]'s 401(k) plan, half of their joint checking and savings accounts, half of [husband]'s Social Security benefits, and half of the stocks they owned. The parties agreed that

-1-

[wife] would keep the marital home (free and clear of any liens), while [husband] would keep his pension. The parties could not agree on how much spousal support [husband] should pay [wife], so they submitted the issue to the trial court for resolution. The trial court calculated a monthly support payment of $2,000, which was permanent (until [wife]'s death or remarriage) and modifiable, and added this provision to the consent judgment, which the parties subsequently signed. This monthly support payment was more than [wife] originally requested and was ordered due to [her] health concerns. The trial court notified the parties that [husband] could ask to modify the spousal support obligation when he retired. [Husband] retired in December 2016, and filed a motion to eliminate spousal support, arguing that his only source of income was the pension he received in full in the property settlement. After an evidentiary hearing, the trial court rejected [husband]'s argument and reduced [his] monthly spousal support obligation to $961.50 to reflect his reduced income.

\* \* \*

In its opinion modifying the spousal support, the trial court opined that, based on the evidence, neither party had the ability to continue working in more than a part-time capacity. It found the property awarded to each party in the divorce as a compelling reason for modification of the spousal support award. The trial court stated that at the time of the divorce, the marital home awarded to [wife] was "somewhere between the [husband]'s appraisal of $115,000 and the [wife]'s submission of the SEV based value of $86,258." It noted that no party provided direct evidence of the value of [husband]'s pension at the time of the divorce, but that because the value of [husband]'s lump sum pension payout was $441,303.96 at the time of his December 2016 retirement, "there can be little question . . . that its value in 2012 was significantly higher than that of the home." The trial court concluded that, "in terms of the amount of property awarded in the judgment of divorce, the [husband] received significantly more value by receiving his entire pension than the [wife] did by receiving the home." It further concluded that the predecessor judge who conducted the *pro confesso* hearing and entered the judgment of divorce was clearly not aware of this disparity, did not take it into account, and that the initial spousal support award was based on an assumption that marital home and pension were equal in value. [*Osim v Scott*, unpublished per curiam opinion of the Court of Appeals, issued October 31, 2019 (Docket No. 342237), pp 1-3.]

In his earlier appeal, husband argued that the trial court erred in its modification of spousal support by (1) improperly considering his pension as income for the purpose of calculating support, (2) improperly considering the spousal-support factors and determining support via an arbitrary formula, and (3) failing to impute an income to wife. *Id*. at 2, 6. We agreed with the first argument, and concluded that the trial court was bound to follow the parties' divorce settlement granting husband his entire pension as part of the contracted property division and thus the trial court erred by considering husband's pension when modifying support. *Id*. at 4-5.

Nevertheless, we elaborated that our ruling "does not necessarily mean that *any* consideration of the amount of [husband]'s pension for purposes of calculating an amendment to spousal support is precluded." *Id*. Because the parties' divorce settlement allowed modification of spousal support, we stated that the principles generally governing modification of spousal support applied. *Id*. "Thus, the current amount of the pension is relevant to the extent of how the award of the pension to [husband] now affects the incomes and needs of the parties. This consideration is part of the trial court's review of the spousal support factors in calculating the modified support amount." *Id*. at 5-6.

Notwithstanding the improper consideration of husband's pension, we found that the trial court did not otherwise err when modifying support. Ultimately, we found that the trial court properly concluded that spousal support should be reduced, but erred in its calculation of the modified support amount; accordingly, we remanded for further proceedings consistent with our opinion. *Id*. at 7.

On remand, wife asserted she was entitled to an increased support award because husband was receiving Social Security Disability Insurance (SSDI) benefits. She argued that she was entitled to half the SSDI benefits pursuant to the parties' property settlement. Husband countered that the parties' property division did not automatically entitle wife to half his benefits; rather, it simply allowed her to make her own claim for benefits based on his earnings record. He also maintained that support should be eliminated or reduced to a minimal amount.

The trial court ordered that husband continue paying support at a modified amount of $1,000 per month, and "remit to [wife] half of his social security benefits." However, "to balance the equities," the court ordered "that in any month in which half of [husband]'s social security benefits exceeds $1,000, [husband] shall simply pay that amount. In any month in which half of his social security benefits is less than $1,000, [husband] shall pay that amount . . . plus the difference between that amount and $1,000, so that [wife] shall not receive less than $1,000 in any given month." Lastly, because the social security payments were required by the parties' property settlement, the court awarded those amounts to be paid retroactively "to the first month [husband] began receiving social security benefits." The court determined that support should be permanent but still be modifiable on a proper showing of a change in circumstances.

Husband moved for relief from the trial court's order under MCR 2.612(C). The trial court acknowledged that the order should state that spousal support was "indefinite" rather than "permanent," but otherwise sustained its prior findings and ordered payments. The parties ultimately agreed that the social security division would be retroactive to June of 2017 and there would be direct payment of the benefits to the wife. The court entered an order requiring husband to pay wife half of his monthly gross social security benefits pursuant to the parties' contracted property settlement and modifying spousal support to award wife $1,000 per month in indefinite support (deducted by the amount of husband's social security benefits paid to wife in a given month, with no support owed for a given month where wife receives over $1,000 in social security benefits). The order was retroactively effective to July 1, 2017, "or the date which [husband] became eligible for Social Security benefits." This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's discretionary award of spousal support for an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* at 26. We review a trial court's factual findings relating to the award or modification of spousal support for clear error. *Smith v Smith*, 328 Mich App 279, 286; 936 NW2d 716 (2019). "A finding is clearly erroneous if [this Court] is left with a definite and firm conviction that a mistake has been made." *Id.* When a trial court's findings are not clearly erroneous, we must then decide whether "the dispositional ruling was fair and equitable in light of the facts." *Id.* An award of support "must be affirmed unless this Court is firmly convinced that it was inequitable." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017) (cleaned up).

"A settlement agreement, such as a stipulation and property settlement in a divorce, is construed as a contract." *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010). "The same legal principles that govern the construction and interpretation of contracts govern the parties' purported settlement agreement in a divorce case." *Id.* "The existence and interpretation of a contract involves a question of law that this Court reviews de novo." *Id.* We also review issues of statutory interpretation de novo. *Comerica, Inc v Dep't of Treasury*, 332 Mich App 155, 161; 955 NW2d 593 (2020), aff'd by 509 Mich 204 (2022).

Because husband's alleged distinction between SSDI and regular social security retirement benefits was never raised in or decided by the trial court, we review this issue for plain error affecting his substantial rights. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020); *Elahham v Al-Jabban*, 319 Mich App 112, 121; 899 NW2d 768 (2017).

## III. EFFECTIVE DATE OF ORDER

Husband argues, albeit briefly, that the trial court erred by setting July 1, 2017, as the effective date of its final order. We agree.

According to husband, his support obligation should have been modified from April 3, 2017, the date he initially filed his motion to modify support. He claims that the trial court's decision to modify support from the later July 2017 date was contrary to MCL 552.603 and left a gap between those dates when it is unclear whether husband paid the proper amounts of support.[1]

MCL 552.603 provides, in relevant part:

---

[1] We disagree with wife that husband waived this issue. We recognize that a party cannot stipulate to a matter before the trial court and then argue on appeal that the resulting action was erroneous, and such an agreement amounts to a waiver that extinguishes any error. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014). But husband only stipulated that the social security division, not the spousal support modification, would be retroactive to July 2017.

-4-

(1) A support order issued by a court of this state shall be enforced as provided in this act.

(2) . . . Retroactive modification of a support payment due under a support order is permissible with respect to a period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature, focusing first on the statute's plain language." *Comerica, Inc*, 332 Mich App at 165. "If a statute is unambiguous, judicial construction is neither required nor permitted, and the statute must be enforced as written." *Id*.

Pursuant to the plain, unambiguous language in MCL 552.603(2), retroactive modification of spousal support is permissible *only* from the date that notice of a petition to amend support is given, i.e., when husband filed his motion to eliminate support. Here, while the final order's effective date was apparently based on the parties' stipulation as to when the property division should have taken effect, no such stipulation was made specific to the support award. We conclude that the trial court erred in setting an effective date of July 1, 2017, for its modification of spousal support. The modification of support should have been effective April 3, 2017.

## IV. DIVISION OF SOCIAL SECURITY BENEFITS

Husband argues that the trial court erred by awarding wife half of his SSDI benefits under the parties' contracted property settlement and by interpreting this agreement to divide his direct social security payments between the parties. We conclude that the trial court erred by dividing husband's social security benefits pursuant to the parties' property settlement, but not for husband's argued reasons.

"A contract must be interpreted according to its plain and ordinary meaning." *Holmes v Holmes*, 281 Mich App 575, 593; 760 NW2d 300 (2008). As such, "courts must construe unambiguous contract provisions as written." *Id*. at 594. "However, if the contractual language is ambiguous, extrinsic evidence can be presented to determine the intent of the parties." *Kendzierski v Macomb Cty*, 503 Mich 296, 311; 931 NW2d 604 (2019); see also *Vigil v Vigil*, 118 Mich App 194, 197; 324 NW2d 571 (1982) ("[W]here any property settlement is ambiguous, the court has inherent power to interpret and clarify its terms."). "A contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning," or "if two provisions of the same contract irreconcilably conflict with each other[.]" *Kendzierski*, 503 Mich at 311 (cleaned up). "It is a well-settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged." *Vittiglio v Vittiglio*, 297 Mich App 391, 400; 824 NW2d 591 (2012).

The parties' 2012 divorce judgment, which was largely handwritten, states, in relevant part, that wife is to receive "½ of [husband]'s Social Security." Although neither party raised an objection to this division in the trial court or on appeal, binding authority precludes Michigan

courts from treating social security benefits as marital property, thus preventing the division of social security benefits in divorce cases. Specifically, in *Biondo v Biondo*, 291 Mich App 720; 809 NW2d 397 (2011), we concluded that the trial court erred by enforcing an equal division of the parties' social security benefits pursuant to their consent judgment of divorce. *Id*. at 727. We determined that the parties' contracted division of social security was preempted by federal law, specifically § 407(a) of the Social Security Act prohibiting the transfer or assignment, among other things, of social security benefits. *Id*. at 724-727. See also *In re Lampart*, 306 Mich App 226, 234-241; 856 NW2d 192 (2014) (concluding that the trial court violated 42 USC § 407(a) by ordering restitution payments from the respondent's SSDI income). This statute provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. [42 USC § 407(a).]

We explicitly held in *Biondo* that social security benefits cannot be treated as a marital asset, although parties' anticipated social security benefits are still relevant in devising an equitable distribution of marital property. *Id*. at 729-731. We stated that, because no prior published Michigan cases removed social security benefits from the realm of marital property, we viewed the consent judgment's equalization of social security benefits as a mutual mistake. *Id*. at 728-729. Accordingly, we remanded for modification of the parties' property settlement. *Id*. at 729.

"[T]his Court is bound to follow the rule of law established by its prior published opinions so long as those opinions were issued on or after November 1, 1990, and have not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals." *In re Medina*, 317 Mich. App. 219, 230; 894 NW2d 653 (2016), quoting MCR 7.215J(1) (cleaned up). Because *Biondo* was decided after November 1, 1990, and has not been reversed or modified, we are bound to follow its ruling. The trial court had no power to divide husband's social security benefits or otherwise enforce any transfer or assignment thereof. Accordingly, we vacate the trial court's division of husband's social security pursuant to the parties' property settlement. Given this conclusion, the parties' dispute as to whether the property settlement was intended to automatically entitle wife to half of husband's SSDI benefits—and any ambiguity in the agreement on this matter—is irrelevant.[2]

---

[2] We note that wife may be able to file her own social security claim based on husband's working record and still receive the same benefit amount that the parties improperly included in their property settlement and that the court erroneously enforced. See 42 USC § 402(b)(1) and (2); see also 42 USC § 416(d)(1) (defining "divorced wife" as "a woman divorced from an individual, but only if she had been married to such individual for a period of 10 years immediately before the date the divorce became effective.").

## V. MODIFICATION OF SUPPORT

Husband argues that the trial court improperly considered his pension and otherwise used a faulty mechanism to determine its support award. We disagree.

First husband argues the trial court on remand violated the law-of-the-case doctrine by again improperly considering his pension and failing to address the various other issues we identified in our prior opinion. "The law-of-the-case doctrine is a judicially created, self-imposed restraint designed to promote consistency throughout the life of a lawsuit. The idea is that if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021) (cleaned up). "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*.

Husband further asserts that the mechanism used by the trial court to determine its modified support amount had no clear basis on the parties' actual incomes, needs, and expenses, and was further tainted by the court's erroneous consideration of husband's pension and its division of his SSDI payments. "The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Loutts*, 298 Mich App at 26. Among the factors to be considered are

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Myland*, 290 Mich App at 695.]

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Id*.

We conclude that the trial court neither violated the law-of-the-case-doctrine in its consideration of husband's pension nor otherwise abused its discretion in awarding wife modified support of $1,000 per month. Husband, apart from again challenging consideration of his pension, does not assert that any of the trial court's specific factual findings, particularly regarding the parties' incomes and expenses, were clearly erroneous. We find that the trial court adhered to our instruction in its modification of support. The trial court explicitly excluded husband's pension withdrawals as income to determine support. It simply acknowledged that the pension was a relevant asset that alleviated husband's need to rely on his other income from SSDI to pay expenses. This consideration was consistent with our prior opinion: "the current amount of the

pension is relevant to the extent of how the award of the pension to [husband] now affects the incomes and needs of the parties." *Osim*, unpub op at 5-6.

We also find that the trial court sufficiently addressed the other relevant considerations surrounding husband's pension. The court explicitly acknowledged the significant tax consequences of husband's pension withdrawals, and it noted that the fund's performance could suffer in the future and thus limit husband's ability to rely on these withdrawals as income. Although the court did not reference the value of the pension when the parties divorced in 2012 or husband's postdivorce contributions, the court properly addressed the *current* amount of the pension as relevant to its effect on the needs and incomes of the parties.

We further find that the court's modified support award was fair and equitable in light of the facts. Disregarding husband's pension income (as well as additional income from the current wife), the trial court found he had $32,500 in recurring annual social security income and $1,800 to $2,100 in total monthly expenses. In contrast, the court found that wife had $15,000 in annual income and $1,700 in monthly expenses. However, given that husband shares expenses with the current wife, it found that he essentially had half the expenses of wife. Considering just these amounts, the court's award leaves husband $20,500 in income to cover $10,200 in expenses per year (with a $10,300 surplus), whereas wife is left with $27,000 in income to cover $20,400 in expenses per year (with a lesser surplus of $6,600).

While husband is correct that this award did not equalize the parties' incomes, the award only needed to balance the needs *and* incomes of the parties without impoverishing either. Husband fails to account for the various other relevant findings of the trial court, including that husband shares expenses with the current wife, who herself has significant earnings; that wife has significant medical needs that could limit her future ability to continue work; and the disparities between the parties' other assets not included in the analysis of their income.

Ultimately, an award of support "must be affirmed unless [this Court is] firmly convinced that it was inequitable." *Andrusz*, 320 Mich App at 452. We are not firmly convinced that the trial court's modified support award here was inequitable. But the trial court's improper award to wife of half of husband's social security benefits pursuant to their property settlement affects this issue to the extent that vacating the property division may alter the incomes and needs of the parties. Accordingly, we remand for further proceedings to determine if $1,000 in monthly support remains equitable in light of wife not being entitled to half of husband's social security benefits pursuant to the property division.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado