*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOMINIQUE JOHNSON,

        Plaintiff/Counterdefendant-Appellant,

v

JONATHAN JOHNSON,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
April 14, 2025
1:52 PM

No. 365352
Oakland Circuit Court
Family Division
LC No. 2019-870894-DM

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

        Plaintiff/counterdefendant and defendant/counterplaintiff divorced in April 2021. At that time, defendant had a lawsuit pending involving an automobile accident in which he suffered personal injuries. The judgment of divorce provided that the parties would equally divide the proceeds of that lawsuit. Defendant was successful in the personal-injury action and received a favorable verdict. In January 2022, defendant agreed to accept a settlement that was substantially smaller than the verdict (though still significant) to avoid the uncertainty of further litigation. Soon thereafter, plaintiff moved to have defendant show cause why her share of the proceeds from the personal-injury action had not yet been paid to her. Defendant, however, asked that the trial court clarify the terms of the judgment of divorce regarding how the proceeds should be divided because the judgment seemed to award plaintiff a share of all of the proceeds that defendant received from the settlement, including the amount awarded to defendant for his pain and suffering, which would normally not be treated as a marital asset. Alternatively, defendant asked the trial court to grant him relief from the judgment of divorce under MCR 2.612(C)(1)(f). In a July 20, 2022 opinion and order, the trial court clarified that plaintiff was entitled to receive only 50 percent of the amount compensating defendant for past lost wages through the date the divorce judgment was entered, not 50 percent of the entire amount of defendant's settlement. Plaintiff filed a delayed application

for leave to appeal, which this Court granted.[1] For the reasons explained in this opinion, we vacate the trial court's July 20, 2022 order and remand for further proceedings.

Before the judgment of divorce was entered, the trial court held a trial over six days between March and August 2020. On December 28, 2020, the trial court issued a 23-page opinion of its findings of fact and conclusions of law. At that time, the court noted that plaintiff was asking for 50 percent of the proceeds of a pending lawsuit stemming from defendant's automobile accident because plaintiff believed that the proceeds were marital property when the accident occurred during the marriage, plaintiff worked double shifts to make up for defendant's loss of income, and plaintiff lost sleep in order to support her family. In dividing the parties' assets, the trial court found "that it is fair and equitable under the circumstances for the parties to split 50/50 the proceeds of any personal injury lawsuit that were [sic] filed during the parties' marriage and are [sic] currently still pending in the Wayne County Circuit Court." The April 9, 2021 judgment of divorce reflected this ruling, stating, "Plaintiff is awarded fifty (50%) of the proceeds from the personal injury lawsuit of Defendant stemming from a motor vehicle accident."

As noted, after plaintiff learned that defendant was successful in his personal-injury lawsuit, plaintiff moved for defendant to show cause why she was not paid her share of the lawsuit proceeds. The facts later showed that defendant received a jury verdict of over $12 million for the personal injuries he suffered in the accident, but he accepted a settlement to resolve the matter for $4.8 million to avoid further litigation.

Because the parties could not agree on how the lawsuit proceeds should be divided under the terms of the divorce judgment, defendant moved to clarify the terms of the judgment. Defendant argued that plaintiff was entitled to only an amount that was based on defendant's past lost wages because the remainder of the proceeds were defendant's separate asset, not a marital asset. Alternatively, defendant asked that the trial court grant him relief from the judgment if the trial court ruled that the terms were intended to grant plaintiff 50 percent of the entire amount defendant recovered. Defendant argued that the largest portion of the settlement was intended to compensate him for his severe injuries, including pain and suffering, and support him for the remainder of his life because he is unable to work.

Plaintiff made some procedural arguments in response to defendant's motion, including that he failed to exhaust his remedies and waited too long to seek relief from the judgment. Plaintiff further argued that grounds did not exist to grant relief under MCR 2.612(C)(1)(f). However, if the trial court agreed with defendant's argument that the recovery for pain and suffering was his personal asset, plaintiff requested that the trial court award a portion of that asset to plaintiff pursuant to MCL 552.23(1) and MCL 552.401 given her demonstrated need or because she contributed to the ultimate settlement obtained in the personal injury case.

In a July 20, 2022 opinion and order, the trial court purported to grant defendant's motion to clarify the divorce judgment, ruling that the parties intended that plaintiff would receive only 50 percent of any marital assets obtained from defendant's personal injury lawsuit, which was

---

[1] *Johnson v Johnson*, unpublished order of the Court of Appeals, entered February 5, 2024 (Docket No. 365352).

limited to past lost wages up to the time the divorce judgment was entered. The trial court ruled that its decision to grant defendant's motion to clarify the terms of the divorce judgment mooted defendant's motion for relief from judgment under MCR 2.612(C)(1)(f).

On appeal, plaintiff argues that the trial court erred when it granted defendant's motion for clarification of the judgment of divorce. We agree.

In seeking relief from the trial court, defendant asked that the trial court clarify the terms of the judgment of divorce.[2] Trial courts have the authority to clarify the provisions of their judgments when necessary, particularly when there is an ambiguity. See *Greene v Greene*, 357 Mich 196, 201-202; 98 NW2d 519 (1959). When a court clarifies its judgment, it generally looks to its "findings of facts and conclusions of law" to determine the "intent" of the judgment. *Mitchell v Mitchell*, 307 Mich 366, 370; 11 NW2d 922 (1943). See also *Vigil v Vigil*, 118 Mich App 194, 199; 324 NW2d 571 (1982) ("Often, in interpreting a judgment, the trial court will need only look to its own findings of fact and conclusions of law to resolve an ambiguity."). But courts may only clarify a judgment if doing so "does not *change* the parties' substantive rights as reflected in the" judgment. *Neville v Neville*, 295 Mich App 460, 469; 812 NW2d 816 (2012), citing *Bers v Bers*, 161 Mich App 457, 464; 411 NW2d 732 (1987). See also *Barbier v Barbier*, 45 Mich App 402, 404; 206 NW2d 464 (1973) ("It is clear that the trial court has the power to clarify and construe a divorce judgment as long as it effectuates no change in the substantive rights of the parties."); *Boucher v Boucher*, 34 Mich App 213, 220; 191 NW2d 85 (1971) (explaining that "property settlements in divorce decrees can be clarified when it will make no change in the substantive rights of the parties").

In the case at bar, the trial court did not merely clarify the terms of the judgment of divorce but changed its previous ruling, which impacted the parties' substantive rights. There was no ambiguity in the judgment of divorce—it plainly provides that "Plaintiff is awarded fifty (50%) of the proceeds from the personal injury lawsuit of Defendant stemming from a motor vehicle accident." Rather than clarifying this provision, the trial court substantively modified it by limiting it to only past lost wages up to the date the judgment of divorce was entered. Additionally, as the trial court rightly acknowledged, this issue was not fully litigated at the time of trial. The result of this failure, though, was that the trial court could not look to its previous findings of fact and conclusions of law to determine how the court's judgment intended to address this issue. See, e.g., *Mitchell*, 307 Mich at 370; *Vigil*, 118 Mich App at 199. This in turn supports that the court was not merely clarifying its judgment but substantively modifying it. For these reasons, the trial court could not consider defendant's request to modify the judgment of divorce as a request for clarification, and the court erred by purporting to "clarify" the judgment of divorce by modifying it in a way that changed the substantive rights of the parties.

---

[2] Contrary to plaintiff's argument, the judgment of divorce was not a consent judgment. The trial court made findings of fact and conclusions of law, and, from there, the parties worked out the terms of the judgment. In a consent judgment, it is the parties, not the trial court, that determines the rights and obligations of the parties. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 354; 852 NW2d 22 (2014). Because the judgment of divorce was dependent on the trial court's findings and conclusions, it is not a consent judgment.

Because the court erred in granting defendant's motion for clarification, the trial court's July 20, 2022 order is vacated. The trial court could only grant the substantive relief requested by defendant if defendant established his entitlement to that relief under MCR 2.612(C)(1)(f). This matter is accordingly remanded for the trial court to consider defendant's motion under MCR 2.612(C)(1)(f).

The trial court's July 20, 2022 order is vacated, and this matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney